Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
202-408-5565

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

CITIZENS FOR RESPONSIBILITY AND           :
ETHICS IN WASHINGTON                      :
1400 Eye Street, N.W., Suite 450          :
Washington, D.C.  20005                   :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :       Civil Action No.
                                          :
EXECUTIVE OFFICE OF THE                   :
PRESIDENT                                 :
Eisenhower Executive Office Building      :
725 17th Street, N.W.                     :
Washington, D.C.  20503                   :
                                          :
EXECUTIVE OFFICE OF THE                   :
PRESIDENT, OFFICE OF                      :
ADMINISTRATION                            :
Eisenhower Executive Office Building      :
725 17th Street, N.W.                     :
Washington, D.C.  20503                   :
                                          :
ALAN R. SWENDIMAN, HEAD OF THE            :
  OFFICE OF ADMINISTRATION (in his        :
  official capacity)                      :
Eisenhower Executive Office Building      :
725 17th Street, N.W.                     :
Washington, D.C.  20503                   :
                                          :

THE NATIONAL ARCHIVES AND          :
RECORDS ADMINISTRATION (NARA)  :
8601 Adelphi Road                  :
College Park, MD  20740            :
                                   :
DR. ALLEN WEINSTEIN, ARCHIVIST     :
   OF THE UNITED STATES (in his official      :
   capacity)                       :
8601 Adelphi Road                  :
College Park, MD  20740            :
                                   :
            Defendants.            :
_____:

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MANDAMUS RELIEF

1.  This is a lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706,

and the Federal Records Act ("FRA"), 44 U.S.C. §§ 2101 et seq., 3010 et seq., and 3301 et seq.,

which includes the Disposal of Records Act, 44 U.S.C. §§ 3301-3314, challenging as contrary to

law the knowing failure of the defendants to recover, restore and preserve certain electronic

communications created and/or received within the White House.  The e-mails at issue were

improperly deleted from servers maintained by the Executive Office of the President and

currently exist only on back-up tapes, if at all.  Unless relief is granted and the e-mails

expeditiously restored from the back-up tapes, these federal and presidential records may be lost

forever.  This action also challenges the failure of the Archivist and the head of the Office of

Administration to take enforcement action to ensure adequate preservation of all federal records.

2.  In addition, this lawsuit seeks an order requiring the defendants to implement an

adequate electronic records management system in compliance with federal law.  The current

administration abandoned the previous electronic records management system in 2002 and has

failed to implement another system, creating a situation in which emails that should have been

preserved as either federal or presidential records were instead improperly deleted. Moreover, in the absence of an adequate electronic records management system, e-mails continue to be deleted improperly from the servers. The Office of Administration has proposed at least one plan to restore the deleted e-mails as well as at least one proposal for an appropriate electronic records management system, for which it was budgeted and has expended federal funds. Despite these proposals, no such recovery plan has been implemented and the White House still does not have an effective electronic records management system, in violation of federal law.

### JURISDICTION AND VENUE

3. This Court has personal and subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1336 and 5 U.S.C. §§ 701, 702 and 706. The APA gives private citizens the right to seek injunctive relief when adversely affected or aggrieved by agency action or inaction under a relevant statute. 5 U.S.C. § 702. Furthermore, the APA empowers courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(e).

### PARTIES

5. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit, non-partisan corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation and

3

advocacy.

6. To conduct research, CREW frequently uses government records made available to it under the Freedom of Information Act ("FOIA"). Since its inception, CREW has filed hundreds of FOIA requests with a wide variety of government agencies. Currently CREW has FOIA requests pending with, among other agencies, the Office of Administration and the Council on Environmental Quality. Through its research and dissemination activities, CREW intends to use and make available to the public records that are created by the Office of Administration and other federal agencies and offices, including agencies within the Executive Office of the President, that shed light on the conduct of White House and other government officials. CREW has a direct interest in ensuring that these records are maintained, preserved and made accessible to the public in accordance with federal law.

7. For many months, CREW has also been engaged in a concerted and ongoing effort to hold the White House accountable for its multiple violations of record-keeping laws and regulations. For example, when e-mails released by the House Judiciary Committee, which was investigating the role of the White House in the U.S. Attorney firings, revealed that White House officials were using private e-mail accounts to conduct government business, CREW requested that the House Committee on Oversight and Government Reform open an investigation.

8. One month later, on April 12, 2007, CREW released a report, <u>WITHOUT A TRACE: The Story Behind the Missing White House E-Mails and the Violations of the Presidential Records Act</u>. This report, which is based in significant part on information provided to CREW by confidential sources, details the multiple ways in which the White House is not complying with its record-keeping obligations and is the first public disclosure of the serious and systemic

4

problem with the White House's e-mail records management system.

9. Defendant Executive Office of the President ("EOP") includes the agency known as the EOP as well as its individual agency components that are subject to the Federal Records Act. *See* Public Citizen v. Carlin, 2 F. Supp.2d 1 (D.D.C. 1997), *rev'd on other grounds*, 184 F.3d 900 (D.C. Cir. 1999); Official website of The Executive Office of the President, http://www.whitehouse.gov/government/eop.html and http://www.whitehosue.gov/government/eop-foia.html (as of Aug. 31, 2007). The agency components of defendant EOP include, but are not limited to: The Office of Administration, The Council on Environmental Quality, The Office of Management and Budget, The Office of National Drug Control Policy, The Office of Science and Technology Policy and The Office of the United States Trade Representative. For purposes of this complaint, agency defendant EOP and its agency components shall be referred to as defendant EOP.

10. Defendant Office of Administration ("OA") is a component within the EOP and is an agency within the meaning of 44 U.S.C. §§ 2101, 2901(14) and 5 U.S.C. § 701(b)(1). The OA is required under the Federal Records Act to maintain and preserve its records and to take action to recover records that have been lost or destroyed. The OA is also required under the Presidential Records Act to segregate and preserve presidential records. The OA has possession and control of back-up tapes containing many of the deleted records at issue in this case.

11. Defendant Alan R. Swendiman is the head of the OA, is responsible for directing and overseeing the activities and business of the OA and is sued solely in his official capacity. For purposes of this Complaint, defendant OA and defendant Alan R. Swendiman shall be referred to jointly as defendant OA.

5

12.  Defendant National Archives and Records Administration ("NARA") is the primary agency responsible for assisting federal agencies in maintaining adequate and proper documentation of policies and transactions of the federal government.  NARA is tasked with appraising records, regulating and approving the disposition of federal records, operating Federal Records Centers and preserving permanent records.

13.  Defendant Allen Weinstein is the Archivist of the United States ("Archivist") and is sued solely in his official capacity.  As Archivist, Dr. Weinstein supervises and directs NARA. 44 U.S.C. § 2102.  The Archivist is responsible for the preservation of both federal records and presidential records.  The Archivist's duties under the Federal Records Act include authorizing the disposal of federal records after a specified period of time through his approval of schedules submitted to him by individual agencies, or through the promulgation of General Records Schedules.  If the Archivist discovers any actual or impending destruction of federal records, the Archivist is under a statutory obligation to initiate action through the attorney general to restore the records.  Under the Presidential Records Act, the president may dispose of presidential records only after:  (1) a determination that the records no longer have administrative, historical, informational or evidentiary value; (2) obtaining in writing the views of the archivist of the United States; and (3) notifying Congress 60 days before the proposed disposal date of his intention to dispose of the records.  Once a sitting president leaves office, the Archivist is solely responsible for those presidential records.  For purposes of this Complaint, defendant NARA and the Archivist shall be referred to jointly as defendant Archivist.

**STATUTORY FRAMEWORK**

**The Federal Records Act**

14.   The FRA is a collection of statutes that govern the creation, management and disposal of federal or "agency" records.  44 U.S.C. §§ 2101-18, 2901-09, 3101-07 and 3301-24. The FRA requires that federal agencies establish:  (1) a program to make and preserve agency records; (2) effective controls over the creation, maintenance and use of records; and (3) safeguards against the removal or loss of records.  44 U.S.C. §§ 3101, 3102 and 3105.

15.   Specifically, the FRA mandates that:  "[t]he head of each Federal agency *shall make and preserve* records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency . . ."  44 U.S.C. § 3101 (emphasis added).  The FRA defines federal agencies as "any executive agency or establishment in the legislative or judicial branch of the Government . . ."  44 U.S.C. § 2901(14).

16.   Federal or "agency" records are defined as "all books, papers  . . . or other documentary materials, regardless of physical form or characteristics . . . made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the Government or because of the informational value of data in them."  44 U.S.C. § 3301.

17.   The disposal of any federal record is governed by specific provisions of the FRA.  44 U.S.C. §§ 3301 et seq. (Ch. 33. Disposal of Records).  These provisions provide the exclusive procedure by which all federal records may be disposed or destroyed.  44 U.S.C. § 3314.

18.   Under these provisions, federal records may not be disposed or destroyed without the

7

authorization of the Archivist.  Specifically, prior to destroying any federal record, the head of

each agency must submit to the Archivist a list of any federal records that do not appear to have

sufficient value to warrant their continued preservation.  44 U.S.C. § 3303.  After examination of

the list by the Archivist, the Archivist may authorize the agency head to destroy those federal

records listed only after the Archivist has:  (1) made a determination that the federal records

listed do not have sufficient administrative, legal, research or other value to warrant their

continued preservation and (2) published notice in the Federal Register providing an opportunity

for interested persons to submit comment on the proposed destruction of the federal records.  44

U.S.C. § 3303a(a).

19.  Furthermore, the Archivist may request advice and counsel from Congress with

respect to the disposal of any federal records the Archivist believes may be of special interest to

Congress or where the disposal of those particular federal records is in the public interest.  44

U.S.C. § 3301a(c).

20.  The FRA also provides several mechanisms for the restoration of lost or destroyed

agency records.  First, the FRA places an independent duty on the Archivist to initiate action to

recover agency records.  Specifically, if the Archivist becomes aware of any "actual, impending,

or threatened unlawful removal, defacing, alteration, or destruction of records in the custody of

[an] agency," he must notify the agency head and assist the agency head in initiating action

through the attorney general for the recovery of the wrongfully removed records and for other

legal redress.  44 U.S.C. § 2905(a).  If the agency head refuses to pursue legal remedies, the

Archivist must request that the attorney general take action and must inform Congress that he

has made this request.  44 U.S.C. § 2905(a).

21.  Second, the FRA places a similar and independent duty on the head of each federal agency to "initiate action through the Attorney General for the recovery of records he knows or has reason to believe have been transferred to his legal custody." 44 U.S.C. § 3106.  If the agency head refuses to pursue legal remedies himself, the Archivist, again, must request that the attorney general take action and must inform Congress that he has made this request.  44 U.S.C. § 3106.

22.  In addition to determining which records are suitable for disposal, the Archivist also has an affirmative duty to guide and assist federal agencies to ensure the adequate and proper documentation of the policies and transactions of each agency.  44 U.S.C. § 2904(a).  In furtherance of these duties, the Archivist must promulgate standards and guidelines for federal agency records management, must establish standards for selective retention of records containing value and must assist the agencies in applying the standards to records in their custody.  44 U.S.C. §§ 2904(c)(1) and 2905(a).

23.  At the same time, heads of federal agencies are under an affirmative duty to implement the standards and guidelines for the retention of federal records.  Specifically, each agency head must maintain an active records management program that provides for effective controls over the creation and use of federal records and that ensures the application of the Archivist's standards and procedures for the preservation of federal records.  44 U.S.C. § 3102. Furthermore, agency heads are required to establish safeguards against the removal or loss of records determined by the agency to be necessary and required by regulations of the Archivist. 44 U.S.C. § 3105.

**The Presidential Records Act**

24. The Presidential Records Act ("PRA") directs the president to "take all such steps as may be necessary to assure that the activities, deliberations, decisions, and policies that reflect the performance of his constitutional, statutory, or other official or ceremonial duties are adequately documented and that such records are maintained as Presidential records . . ." 44 U.S.C. § 2203.

25. The PRA defines "Presidential records" as:

> documentary materials . . . created or received by the President,
> his immediate staff, or a unit or individual in the Executive
> Office of the President whose function is to advise and assist
> the President, in the course of conducting activities which
> relate to or have an effect upon the carrying out of the
> constitutional, statutory, or other official or ceremonial
> duties of the President.

44 U.S.C. § 2201(2).

26. Furthermore, the PRA mandates that records created or received in the White House "the function of which is to advise or assist the President, shall, to the extent practicable, be categorized as Presidential records or personal records upon their creation or receipt and be filed separately." 44 U.S.C. § 2203(b).

27. Thus, the determination of which White House records are federal records and which are presidential records is a document-specific inquiry that turns on the function of the document. If the document was created to advise and assist the president in carrying out his constitutional, statutory or other ceremonial duties, then the document is a presidential record and subject to the preservation and disposal requirements of the PRA. If the document was not created to advise or assist the president in carrying out his constitutional, statutory or other

10

official ceremonial duties, or if the document is otherwise classified as an "agency" or federal record, then the document is a federal record and is subject to the preservation and disposal requirements of the FRA.

28.  The disposal of presidential records is likewise subject to specific statutory requirements.  Under the PRA, a sitting president may dispose of presidential records only when he makes a determination that the presidential records "no longer have administrative, historical, or evidentiary value."  44 U.S.C. § 2203(c).  If a sitting president has made such a determination, he may destroy presidential records only after obtaining the written views of the Archivist and only after the Archivist states in writing that he does not intend to take action.  Id.  Furthermore, after the Archivist has stated in writing that he does not intend to take action with respect to the destruction of the specified presidential records, the president must then notify the appropriate congressional committees 60 days before the proposed disposal date of the president's intention to dispose of the presidential records.  44 U.S.C. § 2203(d).

29.  Once a president has left office, the Archivist assumes full custody and control over all remaining presidential records (i.e., those not determined to lack administrative, historical, informational, or evidentiary value) and has the sole responsibility for preserving those records and preparing them for public access.  44 U.S.C. § 2203(f)(1).  Once in the Archivist's custody, the Archivist has an "affirmative duty to make such records available to the public as rapidly and completely as consistent with the provisions of this Act."  Id.

30.  In previous administrations, and up to and including 2002, the records management systems that were in place in the EOP were designed to segregate presidential records in order to comply with federal law.  Because no electronic records management system currently is in

11

place within the EOP, electronic presidential records are no longer being properly segregated.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

31. In 1994, the EOP implemented the Automated Records Management System ("ARMS") for White House e-mails. ARMS was an electronic records management system that automatically captured, preserved and categorized all e-mail sent through the White House e-mail system. ARMS was used to archive both records subject to the FRA as well as records subject to the PRA and was able to segregate, categorize and archive each type of record separately. ARMS also had certain controls in place to maintain the security of the archival system, which prevented the accidental or intentional deletion of e-mails.

32. In 2002, the EOP discontinued use of the ARMS automatic archiving system. The EOP did not replace ARMS with any system for automatically preserving White House e-mails or for separately categorizing and archiving federal and presidential electronic records. Furthermore, because no other electronic records management system was installed in place of ARMS, there were no longer in place any controls to ensure the continued preservation of e-mails. As a result, since 2002, it has been possible for any e-mails housed on the White House servers to be manually deleted by anyone who has access to the servers.

33. All components of the White House operate on the same shared environment and not on separate servers differentiated by function of the component, with the possible exception of certain classified electronic documents that may be managed separately. With the abandonment of ARMS, federal records and presidential records are no longer automatically categorized. Thus, since 2002, federal record and presidential record e-mails exist in commingled form on the servers and back-up tapes.

12

34.  In October 2005, in response to government subpoenas, the OA discovered that many electronic communications of the White House had not been properly preserved.  After discovering the problem, the OA -- on its own initiative -- conducted a detailed analysis and concluded that commencing in March 2003, there were hundreds of days of missing White House e-mails created or received between March 2003 and October 2005.  The OA further estimated that as of that time, at least five million e-mails -- and most likely many millions more -- had been deleted from the servers and were recoverable only from back-up tapes.

35.  There were at least two potential causes of the deletion:  (1) a malfunction in the servers and (2) the manual deletion of e-mails by users.  Given the magnitude of the e-mail loss, at least some individuals within the OA concluded that a malfunction was not the likely cause of the missing e-mails.  Both causes could and would have been prevented had there been in place an automatic electronic records management system similar in function to the disbanded ARMS, with appropriate safeguards against the intentional or inadvertent deletion of archived records.

36.  Subsequent to this discovery, the OA developed a plan to recover the missing e-mails from the White House back-up tapes as well as a proposal or proposals to develop an appropriate electronic records management system to prevent the future commingling and deletion of federal and presidential records.  These plans, however, were rejected by, among others, the White House Chief Information Officer.

37.  As early as 2002, the OA prepared an analysis of the then-current electronic records management system within the EOP that included an assessment of the features that an appropriate replacement system should have.  In 2003, the OA was tasked by the White House Counsel with designing an e-mail records management system.  Through the procurement

13

process the OA secured the services of Booz Allen for this purpose, and by the end of 2003 or

the beginning of 2004, the OA presented to the White House Counsel its new plan for an email

records management system.

38.  That plan was never implemented.  Instead, at some subsequent point, the EOP spent

approximately $800,000 to develop, install and test another records management system, which

also was never implemented by the EOP.

39.  At present, the White House has failed to implement any course of action to either

recover the deleted e-mails from existing back-up tapes or implement an appropriate and

effective electronic records management system.

40.  The current retention system for White House electronic communications is severely

deficient.  The only e-mails that are preserved are those that are manually extracted and saved on

a file on the server.  This procedure has no adequate safeguards in place to ensure that saved

messages are not later modified or deleted.  Nor does such a procedure ensure that federal and

presidential records are appropriately categorized and preserved separately.  Without an

automatic preservation system in place, it is likely that the number of e-mails deleted since

October 2005 has continued to grow.

41.  Since the abandonment of the ARMS system, the back-up tapes are the only

repository of deleted e-mails currently in the possession of the EOP and the OA.  These back-up

tapes contain both the presidential and federal records that have been deleted from the White

House servers since March 2003 through the present.  Because the records on the back-up tapes

are commingled, these records must be restored, segregated and then preserved in order to

comply with federal law.

42. Without authorization of the Archivist, millions of federal and presidential e-mail records have been deleted. Although these federal and presidential records are not currently preserved as mandated by the FRA and the PRA, they are recoverable and capable of being preserved.

43. At least two individuals at NARA, including at least one in NARA's Office of General Counsel, have been made aware of the deleted e-mails and the deficiencies in the White House's electronic records management system. In addition, the fact of these deleted e-mails has been specifically and publicly acknowledged by the White House and widely reported in the press. In response to questions from the news media, the White House press office has admitted that at least five million e-mails are missing. To date, however, none of the defendants nor any other heads of EOP's component agencies -- including the Archivist, the EOP and the head of the OA -- has taken any action to restore the deleted e-mails or to protect against future deletions.

44. Because the Archivist, the EOP and the heads of its component agencies such as the OA have been aware of the actual deletion of millions of federal and presidential records and have not yet fulfilled their obligation to initiate action to restore those records, this suit seeks an order compelling them to initiate action through the attorney general to restore the deleted electronic records before they become irrecoverable.

45. Furthermore, because the Archivist, the EOP and the heads of its component agencies such as the OA have been aware that the systems in place to ensure the preservation of federal and presidential records are inadequate, as evidenced by the millions of deleted e-mails from the servers and the commingling of those e-mails on back-up tapes, this suit also seeks an

15

order compelling defendants to fulfill their obligations to implement adequate records

management systems.

46. There is no legitimate question that federal law requires the preservation of

electronic communications created and/or received by the White House. In 1997, the White

House Staff manual set forth the following policy regarding the use of the internet and external

e-mail networks, which was designed to ensure that all EOP agency and executive office e-mail

would be captured, preserved and categorized by the ARMS system in accordance with federal

law:

> Federal law and EOP policy require the preservation of
> electronic communications sent or received by EOP staff. As
> a result, you must use the Lotus Notes or Oasis All-In-1 e-mail
> systems for all official communications.

White House Staff Manual, 1997, p. A-27.

47. In February 2001, the White House Staff Manual repeated this mandate: "Federal

law and EOP policy require the preservation of electronic communications that relate to official

business and that are sent or received by EOP staff. As a result, you must only use the

authorized e-mail system for all official electronic communications." By requiring the use of the

"authorized e-mail system," White House policy dictated that all such communications would be

properly segregated, classified and preserved in accordance with federal law.

48. The refusal of the defendants to take adequate steps to preserve and restore federal

records is a marked departure from the written policies of the White House and a clear violation

of federal law.

## PLAINTIFF'S CLAIMS FOR RELIEF

## CLAIM ONE

**For an Order Compelling Defendant Archivist to
Initiate Action to Restore Deleted Records
Under 44 U.S.C. § 2905.**

49.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

50.  Under the Federal Records Act, the Archivist is required to notify the head of a federal agency of any actual destruction of records in the custody of the agency that comes to his attention and assist the head of the agency in initiating action through the attorney general for the recovery of those records and for other redress provided by law.  44 U.S.C. § 2905.

51.  Furthermore, if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified, the Archivist must request that the attorney general initiate such action.  44 U.S.C. § 2905.

52.  Despite having notice that over five million e-mail records have been improperly deleted, the Archivist has neither assisted the EOP nor the heads of its component agencies such as the OA in initiating action through the attorney general to recover the e-mails.  The Archivist has also failed to request that the attorney general initiate action after the EOP and its component agencies failed to act within a reasonable time.

53.  Accordingly, the Archivist has violated his duty under 44 U.S.C. § 2905 to request that the attorney general initiate action or to seek other legal redress to recover the deleted e-mails, thereby harming plaintiff by denying it current and future access to important historical documents that would shed light on the conduct of public officials.

54.  Plaintiff is therefore entitled to relief in the form of a declaratory order that defendant Archivist is in violation of his statutory responsibilities under 44 U.S.C. § 2905 and an

17

injunction compelling defendant Archivist pursuant to that statute to request that the attorney general initiate action or seek other legal redress to recover the deleted e-mails.

## CLAIM TWO

**For an Order Compelling Defendants EOP and OA to
Initiate Action to Restore Deleted Records
Under 44 U.S.C. § 3106.**

55.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

56.  Under the Federal Records Act, the head of each federal agency must notify the Archivist of any actual destruction of records in the custody of the agency of which he is the head that shall come to his attention and, with the assistance of the Archivist, must initiate action through the attorney general for the recovery of those records.  44 U.S.C. § 3106.

57.  Furthermore, if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified of the destruction, the Archivist must request that the attorney general initiate such action.  44 U.S.C. § 3106.

58.  By failing to restore the deleted e-mails, defendants EOP and OA have violated their duties under 44 U.S.C. § 3106 to request that the attorney general initiate action or seek other legal redress to recover the deleted e-mails, thereby harming plaintiff by denying it present and future access to important historical documents that would shed light on the conduct of public officials.

59.  Plaintiff is therefore entitled to relief in the form of a declaratory order that defendants EOP and OA are in violation of their statutory responsibilities under 44 U.S.C. § 3106 and an injunction compelling defendants EOP and OA pursuant to that statute to request

18

that the attorney general initiate action or seek other legal redress to recover the deleted e-mails.

## CLAIM THREE

### For a Writ of Mandamus Compelling Defendant Archivist to Take Action to Restore Deleted Records.

60.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

61.  The Federal Records Act is clear and the duties thereunder plainly defined:  the Archivist is required to notify the head of a federal agency of any actual destruction of records in the custody of the agency that comes to the Archivist's attention and to assist the head of the agency in initiating action through the attorney general for the recovery of those records and for other redress provided by law.  44 U.S.C. § 2905.

62.  In furtherance of these duties, the action that the FRA requires of the Archivist is equally clear and plainly defined:  if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified, the Archivist must request that the attorney general initiate such action.  44 U.S.C. § 2905.

63.  The duties imposed on the Archivist by these statutory provisions are ministerial in nature, with no discretion allowed on the part of the Archivist.

64.  Plaintiff, a non-profit corporation that makes information in government records -- including White House records created by the EOP and its various offices and agencies -- available to the public has a direct interest in ensuring that these records are maintained, preserved and made accessible to the public in accordance with federal law.

65.  By failing to restore the deleted e-mails, defendant Archivist is violating his clearly mandated ministerial duty under 44 U.S.C. § 2905 to request that the attorney general initiate

action or seek other legal redress to recover the deleted e-mails, thereby harming plaintiff by denying it present and future access to important historical documents that would shed light on the conduct of public officials.

66.  Plaintiff is therefore entitled to relief in the form of a writ of mandamus, ordering the defendant Archivist to comply with the statutory duty imposed by 44 U.S.C. § 2905 to request that the attorney general initiate action or seek other legal redress to recover the deleted e-mails.

## CLAIM FOUR

### For a Writ of Mandamus Compelling Defendants EOP and OA to Restore Deleted Records.

67.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

68.  The Federal Records Act is clear and the duties thereunder plainly defined:  the head of each federal agency is required to notify the Archivist of any actual destruction of records in the custody of the agency of which he is the head that shall come to his attention and, with the assistance of the Archivist, must initiate action through the attorney general for the recovery of those records.  44 U.S.C. § 3106.

69.  In furtherance of these duties, the action that the FRA requires of the head of the agency is equally clear and plainly defined:  if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified of the destruction, the Archivist must request that the attorney general initiate such action.  44 U.S.C. § 3106.

70.  The duties imposed on the EOP and the heads of its component agencies such as the OA by these statutory provisions are ministerial in nature, with no discretion allowed on the part

20

of the EOP and the heads of its component agencies.

71.  Plaintiff, a non-profit corporation that makes information in government records-- including White House records created by the EOP and its various offices and agencies -- available to the public has a direct interest in ensuring that these records are maintained, preserved and made accessible to the public in accordance with federal law.

72.  By failing to restore the deleted e-mails, defendants EOP and OA are violating their clearly mandated ministerial duty under 44 U.S.C. § 2905 to request that the attorney general initiate action or seek other legal redress to recover the deleted e-mails, thereby harming plaintiff by denying it present and future access to important historical documents that would shed light on the conduct of public officials.

73.  Plaintiff is therefore entitled to relief in the form of a writ of mandamus, ordering the defendants EOP and OA to comply with the statutory duty imposed by 44 U.S.C. § 2905 to request that the attorney general initiate action or seek other legal redress to recover the deleted e-mails.

## CLAIM FIVE

**For an Order Compelling Defendant Archivist to
Set Forth Guidelines For an Adequate System to Preserve
Federal Records under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314.**

74.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

75.  Under the Federal Records Act, all records made or received by an agency as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the government or because of the informational value of data in them are to be

preserved as federal records. 44 U.S.C. § 3301.

76. Furthermore, the Archivist has a statutory responsibility under the FRA to promulgate standards, procedures and guidelines with respect to the management of those federal records, 44 U.S.C. § 2904, including promulgating standards for the selective retention of those records. 44 U.S.C. § 2905.

77. In furtherance of the standards for the selective retention of federal records, the Archivist must establish procedures for the compilation and submission to him of lists and schedules of records proposed for disposal. 44 U.S.C. § 3302. If after examining the disposal lists and schedules the Archivist determines that the records listed do not have sufficient administrative, legal, research or other value to warrant their continued preservation, he may, after publication of notice in the Federal Register, authorize the agency head to destroy the listed records. 44 U.S.C. § 3303a. The FRA is clear: records of the United States government may be destroyed only by following this procedure. 44 U.S.C. § 3314.

78. Despite the clear provisions for the disposition or destruction of government records, millions of White House e-mail records were deleted without submission to and approval by the Archivist.

79. Had an adequate system for preserving and archiving these records been in place, such as the ARMS system, such records would not have been deleted and they could have been preserved and disposed of pursuant to the procedures mandated by the FRA. By failing to ensure the installation of such a system, defendant Archivist has violated his duty under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3324 to establish an adequate system for the preservation of federal and presidential records, thereby harming plaintiff by denying it present and future access

22

to important historical documents that would shed light on the conduct of public officials.

80.  Plaintiff is therefore entitled to relief in the form of a declaratory order that defendant Archivist is in violation of his statutory responsibilities under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314 and an injunction compelling the Archivist pursuant to those statutes to ensure the establishment of an adequate electronic records management system, similar in function to ARMS, for archiving and preserving White House e-mails.

**CLAIM SIX**

**For an Order Compelling Defendants EOP and OA to
Implement an Adequate System to Preserve Federal Records
Under 44 U.S.C. §§ 3101, 3102, 3105, 3301, 3303 and 3314.**

81.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

82.  Under the Federal Records Act, the head of each federal agency must make and preserve as federal records all records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures and essential transactions of the agency. 44 U.S.C. §§ 3101 and 3301.

83.  Furthermore, the head of each federal agency must establish and maintain a records management program that provides for effective controls over these federal records, as well as cooperate with the Archivist in applying standards and procedures for the maintenance and security of the records deemed appropriate for preservation.  44 U.S.C. § 3102.  The head of each federal agency must also establish safeguards against the removal or loss of records he determines to be necessary and required by regulations of the Archivist.  44 U.S.C. § 3105.

84.  In furtherance of the standards and procedures for the maintenance and security of

23

records, as well as the safeguards against removal or loss as required by regulations of the

Archivist, the head of each agency, prior to the destruction of any federal records, must submit

to the Archivist a list of any records in the custody of the agency that do not appear to have

sufficient value to warrant their further preservation as well as schedules proposing their

disposal.  44 U.S.C. § 3303.  The FRA is clear:  records of the United States government may be

destroyed only by following this procedure.  44 U.S.C. § 3314.

     85.  Despite the clear provisions for the disposition or destruction of government records,

millions of e-mail records in the possession of the EOP and its various agency components such

as the OA were deleted without submission to or consideration by the Archivist.

     86.  Had an adequate system for preserving and archiving these records been in place,

such as the ARMS system, such records would not have been deleted and they could have been

preserved and disposed of in accordance with the procedures mandated by the FRA.  By failing

to install such a system, defendants EOP and OA  have violated their duties under 44 U.S.C. §§

3101, 3102, 3105, 3301, 3303, and 3314 to establish an adequate system for the preservation of

federal and presidential records, thereby harming plaintiff by denying it present and future access

to important historical documents that would shed light on the conduct of public officials.

     87.  Plaintiff is therefore entitled to relief in the form of a declaratory order that

defendants EOP and OA are in violation of their statutory responsibilities under 44 U.S.C. §§

3101, 3102, 3105, 3301, 3303 and 3314 and an injunction compelling defendants EOP and OA

pursuant to those statutes, to establish an adequate electronic records management system,

similar in function to ARMS, for archiving and preserving White House e-mails.

## CLAIM SEVEN

**For a Writ of Mandamus Compelling Defendant Archivist
to Set Forth Guidelines For an Adequate System to Preserve Federal Records.**

88.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

89.  The Federal Records Act is clear and the duties thereunder plainly defined:  all records made or received by an agency as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the government or because of the informational value of the data in them, are to be preserved as federal records.  44 U.S.C. § 3301.

90.  Furthermore, the Archivist has a clear and plainly defined statutory responsibility under the FRA to promulgate standards, procedures and guidelines with respect to management of those federal records, 44 U.S.C. § 2904, including promulgating standards for the selective retention of those records.  44 U.S.C. § 2905.

91.  In furtherance of the standards for the selective retention of federal records, the Archivist must establish procedures for the compilation and submission to him of lists and schedules of records proposed for disposal.  44 U.S.C. § 3302.  If after examining the disposal lists and schedules the Archivist determines that the records listed do not have sufficient administrative, legal, research or other value to warrant their continued preservation, he may, after publication of notice in the Federal Register, authorize the agency head to destroy the listed records.  44 U.S.C. § 3303a.  The FRA is clear:  records of the United States government may be destroyed only by following this procedure.  44 U.S.C. § 3314.

92.  The duties imposed on the defendant Archivist by these provisions of the FRA are ministerial in nature, with no discretion allowed on the part of the defendant Archivist.

25

93. Plaintiff, a non-profit corporation that makes information in government records -- including White House records created by the EOP and its various offices and agencies -- available to the public has a direct interest in ensuring that these records are maintained, preserved and made accessible to the public in accordance with federal law.

94. By failing to install such a system, defendant Archivist has violated his duty under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314 to establish an adequate system for the preservation of federal and presidential records, thereby harming plaintiff by denying it present and future access to important historical documents that would shed light on the conduct of public officials.

95. Plaintiff is therefore entitled to relief in the form of a writ of mandamus ordering defendant Archivist to comply with the statutory duties imposed by 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314 and to ensure the establishment of an adequate electronic records management system, similar in function to ARMS, for archiving and preserving White House e-mails.

## CLAIM EIGHT

### For a Writ of Mandamus Compelling Defendants EOP and OA to Implement an Adequate System to Preserve Federal Records.

96. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

97. The Federal Records Act is clear and the duties thereunder plainly defined: the head of each federal agency must make and preserve all records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures and essential transactions of the agency as federal records. 44 U.S.C. §§ 3101 and 3301.

26

98.  Furthermore, the head of each federal agency has a clear and plainly defined statutory responsibility to establish and maintain a records management program that provides for effective controls over these federal records as well as cooperate with the Archivist in applying standards and procedures for the maintenance and security of the records deemed appropriate for preservation.  44 U.S.C. § 3102.  The head of each federal agency must also establish safeguards against the removal or loss of records he determines to be necessary and required by regulations of the Archivist.  44 U.S.C. § 3105.

99.  In furtherance of the standards and procedures for the maintenance and security of records as well as the safeguards against removal or loss as required by regulations of the Archivist, the agency head, prior to the destruction of any federal records, must submit to the Archivist a list of any records in the custody of the agency that do not appear to have sufficient value to warrant their further preservation and schedules proposing their disposal.  44 U.S.C. § 3303.  The FRA is clear:  records of the United States government may be destroyed only by following this procedure.  44 U.S.C. § 3314.

100.  The duties imposed on the defendants EOP and OA by these provisions of the FRA are ministerial in nature, with no discretion allowed on the part of the defendants EOP and OA.

101.  Plaintiff, a non-profit corporation that makes information in government records -- including White House records created by the EOP and its various offices -- available to the public has a direct interest in ensuring that these records are maintained, preserved and made accessible to the public in accordance with federal law.

102.  By failing to install such a system, defendants EOP and OA have violated their duties under 44 U.S.C. §§ 3101, 3102, 3105, 3301, 3303 and 3314 to establish an adequate

system, similar in function to ARMS, for the preservation of federal and presidential records, thereby harming plaintiff by denying it present and future access to important historical documents that would shed light on the conduct of public officials.

103.  Plaintiff is therefore entitled to relief in the form of a writ of mandamus ordering defendants EOP and OA to comply with the statutory duties imposed on them by 44 U.S.C. §§ 3101, 3102, 3105, 3301, 3303 and 3314 and to establish an adequate electronic records management system, similar in function to ARMS, for archiving and preserving White House e-mails.

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare the inaction of all defendants to restore deleted e-mail records a violation of federal law;

(2) Declare the inaction of all defendants to develop and implement an effective electronic records management system that ensures against the loss or destruction of government e-mail records a violation of federal law;

(3) Order all defendants, in the form of injunctive and mandamus relief, to restore deleted e-mails from the back-up tapes and to separately maintain and preserve the federal and presidential records comprised therein;

(4) Order all defendants, in the form of injunctive and mandamus relief, to develop and implement an effective electronic records management system that ensures against the loss or destruction of government e-mail records;

(5) Award plaintiff its costs, expenses and reasonable attorney's fees in this action; and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Citizens for Responsibility
 and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
202-408-5565

Attorneys for Plaintiff

Dated: September 25, 2007

29

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Citizens for Responsibility and Ethics in Washington | Executive Office of the President, Office of Administration, Alan R. Swendiman, National Archives and Records Administration, Dr. Allen Weinstein |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___11001___ (IN U.S. PLAINTIFF CASES ONLY) NOTE: In land condemnation cases, use the location of the tract of land involved. |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Anne L. Weismann Citizens for Responsibility and Ethics in Washington 1400 Eye Street, N.W., Suite 450 Washington, D.C. 20005 202-408-5565 | ATTORNEYS (IF KNOWN) |

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
( FOR DIVERSITY CASES ONLY) (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| | | | |
|---|---|---|---|
| ○ G. Habeas Corpus/2255<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. Employment Discrimination<br><br>☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ◉ I. FOIA/PRIVACY ACT<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. Student Loan<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment)<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. Other Civil Rights (non-employment)<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ○ M. Contract<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ○ N. Three-Judge Court<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC sec. 701 (APA) The Exec. Office of the President and NARA failed to restore and preserve electronic records contrary to Fed. Records Act.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Select YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☒ YES  ☐ NO  If yes, please complete related case form.

DATE 9/25/07    SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.