UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON,

    **Plaintiff,**

    v.                                  07-1707 (HHK/JMF)

EXECUTIVE OFFICE OF THE
PRESIDENT *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter has been referred to me for a Report and Recommendation concerning Plaintiff's Motion for a Temporary Restraining Order.[1]

I.    Plaintiff's Complaint

Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), describes itself as a "non-profit, non-partisan corporation." Complaint, ¶5. CREW files many requests for records pursuant to the Freedom of Information Act, 5 U.S.C. §552.[2] It therefore claims a "direct interest in ensuring that these records are maintained, preserved and made accessible to the public in accordance with federal law." Id., ¶6.

II.    Plaintiff's Concerns About the Backup Tapes

To "backup" a computer or a network is "to create a copy of data as a precaution against the loss or damage of the original data. Many users backup their files, and most

---

[1] Since notice has been given and a hearing has been held, plaintiff's motion will be deemed one for a preliminary injunction. The Federal Rules of Civil Procedure that will take effect on December 1, 2007 make this distinction clear. See Proposed Amendment of Fed. R. Civ. P. 65 (Effective December 1, 2007).
[2] All references to the United States Code are to the electronic version that appears in Westlaw or Lexis.

computer networks utilize automatic backup software to make regular copies of some or all of the data on the network."[3] CREW, complaining that the White House has deleted millions of e-mails that it was supposed to keep, seeks a temporary restraining order requiring the White House to keep all back up tapes or similar media which may contain the e-mails that have been, according to CREW, improperly deleted.

III.     The Narrow Dispute Presented

The dispute among the parties about preserving backup media while this case is litigated is now extremely narrow. The government,[4] without conceding that it is under any obligation to do so, insists that it will preserve the backup media that it has, but balks at entering into any stipulation that would in effect serve as the premise of an order requiring that it do so. The government also insists that CREW should instead accept a declaration from an authorized official expressing the defendants' intention to preserve all the backup media it has in its possession.

IV.      An Order Should Issue

While stipulations entered into between parties can save time and money, there is no obligation upon a party to accept one. See United States v. Caldwell, 543 F.2d 1333, 1359 n.134 (D.C. Cir. 1975). While the government insists that a declaration would eliminate any concern that backup media will be recycled and destroyed while this matter is pending, a declaration does not have the force of an order. Unlike a court order, a declaration is not punishable by contempt. In other words, without such an order, destruction of the backup media would be without consequence. As a result, CREW

---

[3] **The Sedona Conference Glossary For E-Discovery and Digital Information Management (May 2005 Version), available at http://www.thesedonaconference.org/dltForm?did=tsglossarymay05.pdf**

[4] "The government" is a shorthand reference to all defendants.

would remain threatened with irreparable harm. I therefore conclude that the order should issue, despite the government's proposed declaration.

V.    Standards for the Relief Sought

The Court of Appeals for the D.C. Circuit has recently stated the familiar standard for the award of a preliminary injunction:

> When deciding whether to grant a preliminary injunction, the district court must examine whether "(1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will substantially injure the other party; and (4) the public interest will be furthered by the injunction." Id. at 1317-18 (citing Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)). A court must balance these factors, and "[i]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." Id. at 1318 (quoting City Fed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir.1995)).

Ellipso, Inc. v. Mann, 480 F.3d 1153, 1157 (D.C. Cir. 2007).

First, if, as CREW contends, the e-mails have been deleted, then the backup media are the only place where they may be and the obliteration of this backup media obviously threatens CREW with irreparable harm. Indeed, the threat of such obliteration is a text book example of irreparable harm. Second, issuing the injunction will not injure the government or burden it in any way. Indeed, the government insists that it is already doing and will continue to do what an injunction would require it to do—preserve the backup media until the court can rule on the substantive issues before it. Third, there is no public interest in the destruction of the backup media. To the contrary, there is a public interest in their preservation, at least until this Court rules, since the e-mails at issue may have historical and public importance.

3

Finally, there are several legal issues that divide the parties and, in my view, these issues are substantial and warrant careful consideration. In what one authoritative treatise[5] describes as the most often-quoted statement of the principle that the likelihood of success must be weighed against the likelihood of harm to the movant if the court does not act, the Second Circuit has stated:

> To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present (i.e., the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.

Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir. 1953) (Frank. J.)

In the instant action, one of the several legal issues separating the parties is whether one of the defendants, the "Executive Office of the President, Office of Administration," is an agency and therefore subject to the Federal Records Act. See 44 U.S.C. § 2901 (14). The parties explained to me that this precise issue awaits resolution in a case pending before Judge Kollar-Kotelly.[6] I have now reviewed the briefs on that issue in that case and am certain that the issue is substantial and complicated. I certainly cannot say that CREW has no likelihood of prevailing on that issue.

Instead, I must say that weighing the substantiality of the legal questions presented against the irreparable harm that CREW may suffer and the clear absence of any harm to the government justifies the order I am recommending the Court issue to

---

[5] 11 CHARLES ALAN WRIGHT, ARTHUR MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948.3 (2d ed. 1995).
[6] Citizens for Responsibility and Ethics in Washington v. Office of Admin., No. 07-964 (D.D.C. filed May 23, 2007).

4

prevent the destruction of the backup media.  A proposed order accompanies this Report and Recommendation.

Failure to file timely objections to the findings and recommendations set forth in this report may waive your right to appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).

October 19, 2007

\_\_/S/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CITIZENS FOR RESPONSIBILITY**
**AND ETHICS IN WASHINGTON,**

    **Plaintiff,**

    **v.**                                                                                                          07-1707 (HHK/JMF)

**EXECUTIVE OFFICE OF THE**
**PRESIDENT** *et al.***,**

    **Defendants.**

**PROPOSED ORDER**

Having considered <u>Plaintiff's Motion for a Temporary Restraining Order</u> [#4], the opposition thereto, and the entire record herein, it is **ORDERED** that the motion is granted, and that defendants will preserve media, no matter how described, presently in their possession or under their custody or control, that were created with the intention of preserving data in the event of its inadvertent destruction.  Defendants shall preserve the media under conditions that will permit their eventual use, if necessary, and shall not transfer said media out of their custody or control without leave of this Court.

    **SO ORDERED.**

                                                                                     _____
                                                                                      **HENRY H. KENNEDY**
October 19, 2007                                          **UNITED STATES DISTRICT JUDGE**