## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY | ) |
| AND ETHICS IN WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXECUTIVE OFFICE OF THE | ) |
| PRESIDENT, EXECUTIVE OFFICE | ) |
| OF THE PRESIDENT, OFFICE OF | ) Civil Action No: 1:07-cv-01707 (HKK/JMF) |
| ADMINISTRATION, ALAN R. | ) |
| SWENDIMAN, HEAD OF THE | ) |
| OFFICE OF ADMINISTRATION, | ) |
| THE NATIONAL ARCHIVES AND | ) |
| RECORDS ADMINISTRATION (NARA), | ) |
| and DR. ALLEN WEINSTEIN, | ) |
| ARCHIVIST OF THE UNITED STATES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' LOCAL RULE 72.3(b) OBJECTIONS TO REPORT
## AND RECOMMENDATIONS ON PLAINTIFF'S
## MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to Local Civil Rule 72.3(b), defendants submit their objections to the Report

and Recommendations ("Report"), issued on October 19, 2007, concerning Plaintiff's Motion for

a Temporary Restraining Order.  By conducting a de novo analysis of the familiar four-factor

test for emergency injunctive relief, this Court must conclude that plaintiff has failed to make the

"persuasive demonstration" required in this Circuit to justify the extreme remedy of threshold

injunctive relief.  See LCvR 72.3(c) (requiring de novo review of portions of report to which a

non-movant objects).

As set forth more fully in defendants' opposition to plaintiff's motion, which is incorporated in its entirety here, plaintiff has offered absolutely <u>no evidence</u> that it will be irreparably harmed absent an injunction; nor has plaintiff demonstrated that the four-factor test in total compels injunctive relief.  Among other errors, the Report improperly equates plaintiff's mere <u>allegation</u> of the <u>possibility</u> that it will suffer some harm with a demonstration, based on actual facts, that such harm is "certain, great and actual – not theoretical – and imminent."  <u>Wisc. Gas Co.</u>, 758 F.2d at 674.  Plaintiff's failure to demonstrate such harm requires, without more, that its motion be denied.  But defendants have also provided unambiguous commitments in writing demonstrating that all disaster recovery tapes relating to the official, unclassified Executive Office of the President email system that are the subject of this suit (and were in existence as of September 5, 2007) are being preserved and defendants have further offered to incorporate these commitments into a declaration signed under penalty of perjury.[1]  Those commitments make any injunction inappropriate, and the Report improperly penalizes defendants for having made them, by relying on them to conclude that any harm to defendants of an injunction would be minimal.  Where, as here, the commitments of government defendants make plain that there is no risk of irreparable harm to the plaintiff, the appropriate course is to deny the request for an injunction as unwarranted or moot.  <u>See, e.g.</u>, <u>CREW v. United States</u>

---

[1]  Disaster recovery tapes relating to the official, unclassified Executive Office of the President email system are media in the care, custody and control of the Office of Administration created with the intention of restoring systems in the event of a disaster and may potentially be used to restore data that may not have been otherwise preserved.  As explained to plaintiff, the disaster recovery tapes are the only so-called "back up tapes" referenced by plaintiff in its letter requests that are associated with the official, unclassified Executive Office of the President email system that are the subject of this suit.

Dep't of Homeland Sec., No. 06-1912, Or. (D.D.C. March 14, 2007) (Penn, J.) (denying as moot

motion for injunctive relief by accepting declarations setting forth preservation assurances).

Even if an injunction were appropriate, the Report's Proposed Order sweeps too broadly

and fails the specificity requirement of Federal Rule of Civil Procedure 65(d) by potentially

requiring preservation of materials irrelevant to the suit.  If the Court is inclined to issue an

injunctive order – despite the absence of evidence of irreparable injury and plaintiff's complete

failure to justify emergency relief – defendants propose an alternative order below.

I.    **THE REPORT FAILS PROPERLY TO CONSIDER THE D.C. CIRCUIT'S TEST FOR THE EXTREME REMEDY OF THRESHOLD INJUNCTIVE RELIEF, WHICH MILITATES AGAINST THE ISSUANCE OF AN INJUNCTIVE ORDER HERE BECAUSE PLAINTIFF HAS NOT ESTABLISHED IRREPARABLE HARM**

The D.C. Circuit requires reversal of orders granting preliminary injunctions where "the

record does not show with any clarity" that irreparable harm will result.  See District 50, United

Mine Workers of Am. v. Int'l Union, United Mine Workers of Am., 412 F.R.D. 165, 167 (D.C.

Cir. 1969) (reversing grant of preliminary injunction for inadequate showing of irreparable

injury).  The Report recommends the issuance of an emergency injunctive order where there is

no record of injury at all, and based on the unsupported hypothetical that "CREW would remain

threatened with irreparable harm" if the "destruction of backup media would be without

consequence" in the absence of a court order.  (Oct. 19, 2007 Report and Recommendation [11]

("Report") at 2-3; see also id. at 3 (referring to unsupported hypothetical that, "if as CREW

contends, the emails have been deleted, then the backup media are the only place where they

may be and the obliteration of this backup media obviously threatens CREW with irreparable

harm") (emphasis added).)  Such hypotheticals are, however, as this Circuit instructs, inadequate

to justify the type of relief recommended in the Report.  See, e.g., Wisc. Gas Co. v. FERC, 758

F.2d 669, 674 (D.C. Cir. 1985) ("Despite these well-settled principles, the petitioners have

premised their motions for stay upon unsubstantiated and speculative allegations of recoverable

economic injury . . . [T]his allegation is purely hypothetical and will not be considered by this

court."); Nichols v. Agency for Int'l Dev., 18 F. Supp. 2d 1, 5 (D.D.C. 1998) ("To exercise its

equitable discretion appropriately, the Court must rely on more than just the Plaintiff's

conclusory beliefs.").  As set forth more fully in defendants' opposition to plaintiff's motion and

through argument of counsel at the October 17, 2007 hearing, plaintiff has not established that

certain, great, actual and imminent harm will result if the court denies the order.  (Defs.' Opp'n

at 13-18.)  Indeed, the totality of its representation of harm amounts to allegations that are the

central focus of plaintiff's complaint, and plaintiff's unjustified skepticism about defendants'

express commitments to continue to preserve all disaster recovery tapes associated with the

official, unclassified Executive Office of the President email system that were in existence as of

September 5, 2007.  (See, e.g., Pl.'s Reply in Support of Mot. at 8.)  That does not warrant

injunctive relief.  For this reason alone, this Court should deny plaintiff's motion for emergency

relief.  See Wisc. Gas Co., 758 F.2d at 674; Judicial Watch, Inc. v. United States Dep't of

Homeland Security, No. 07-506, 2007 WL 2791371, *2-3 (D.D.C. Sept. 24, 2007).

The Report does not refer to any declaration, affidavit or evidence establishing harm, as

plaintiff provided none.  Nor does the Report discredit defendants' repeated commitments to

plaintiff to maintain the disaster recovery tapes (Pl.'s Mot., Exs. 3, 5, 7), or defendants' offer to

provide a declaration –  under penalty of perjury – committing to continue to preserve disaster

recovery tapes.  See Fed. Trade Comm'n v. Invention Submission Corp., 965 F.2d 1086, 1091

(D.C. Cir. 1992) ("[A]gencies are entitled to a presumption of administrative regularity and good faith, . . . and with no indication that the [agency] will act cavalierly or in bad faith, <u>its assertions . . . should be accepted at face value</u>.") (emphasis added) (internal quotations and citations omitted). Indeed, the Report does not cite to any evidence or even speculation of bad faith in the representations that defendants have provided and offer to provide going forward. In the absence of such findings, the Report's recommendation of an injunctive order is wholly improper.

The Report suggests that an order may be proper instead because defendants are "already doing and will continue to do what an injunction would require it to do – preserve the backup media until the court can rule on the substantive issues before it." (Report at 3.) Defendants' commitment, however, cuts exactly the other way, by both negating plaintiffs' mere allegations of harm and by foreclosing any need for court intervention.[2] <u>See</u> <u>Hester v. Bayer Corp.</u>, 206 F.R.D. 683, 686 (M.D. Ala. 2001) ("The possibility that a document preservation order might induce a cavalier defendant to elect the moral high road" is inadequate absent "some evidence . . . to justify such an extreme remedy."). The stringent test for injunctive relief is not "why not enter one," but instead requires a "convincing" and "persuasive demonstration of a need for

---

[2]  For that same reason, the focus of the Report's discussion of the public interest is misplaced. (Report at 3.)  The public interest is not served by the issuance of an injunction because nothing would change.  The public interest is, however, ill served by enmeshing this Court in the superfluous and wasteful task of memorializing assurances that have already been made.  And even assuming that the Court were to accept as true that the public interest may be served by a judicial reiteration of preservation commitments, that would be insufficient to merit injunctive relief.  <u>See, e.g.</u>, <u>Rumber v. District of Columbia</u>, No. 04-1170, 2005 WL 1903727 (D.D.C. July 19, 2005) ("But, because the public interest factor is the only prong that weighs in the plaintiffs' favor, it is insufficient in and of itself to justify an injunction.").

injunctive relief."[3]  District 50, 412 F.2d at 167; see also Emily's List v. Fed. Election Comm'n,

362 F. Supp. 2d 43, 51 (D.D.C. 2005) (stating that preliminary injunction "is considered an

extraordinary remedy" that should "be granted only upon a clear showing of entitlement")

(emphasis added).  Because plaintiff fails to justify emergency relief, this Court's de novo

review of plaintiff's motion should conclude that an injunctive order is not merited here.

## II.    THE PROPOSED ORDER SWEEPS TOO BROADLY AND FAILS TO COMPLY WITH RULE 65(d)

Finally, the Proposed Order submitted with the Report sweeps too broadly and fails to

comply with the specificity requirements of Federal Rule of Civil Procedure 65(d).  First, the

Proposed Order would require all defendants[4] to "preserve media, no matter how described,

presently in their possession, or under their custody or control, that were created with the

---

[3]  The Report's discussion of the merits does not analyze the jurisdictional hurdles that face plaintiff and why plaintiff may not have substantial likelihood of success on the merits on standing grounds.  See Serono Labs, Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998) (noting that failure to establish a substantial likelihood of success on the merits "effectively decides the preliminary injunction issue" and vacating preliminary injunction where plaintiff was not likely to succeed on the merits and the remaining factors were either "a wash" or "inextricably linked to the merits").  Thus, to the extent that the Report fails to apply appropriate D.C. Circuit standards on the merits prong, the Report does not support the issuance of an injunction.  Moreover, even if it were true that "serious, substantial, difficult and doubtful" questions are adequate to satisfy the merits prong of the 4-part injunction test, the Report's focus on the status of the Office of Administration does not support plaintiff's request for relief here. Whether or not the Office of Administration falls within the definition of "agency" in the FRA, plaintiff must still establish the merits for Claims 1 through 4.

[4]  Because only the Office of Administration has care, custody and control of, and maintains all existing disaster recovery tapes relating to the electronic communications system referenced in plaintiff's Complaint, the government interprets the Proposed Order to exclude any "back up media" in the possession or control of NARA.  The Archivist and NARA currently possess and control countless records, totally irrelevant to the subject of the lawsuit, that are "media . . . that were created with the intention of preserving data in the event of its inadvertent destruction."

intention of preserving data in the event of its inadvertent destruction." (Report at 6.) As the Magistrate Judge recognized and as plaintiff conceded at the hearing, the subject of any preservation order should not extend, for example, to CDs or DVDs of individual employees, as distinguished from an official disaster-recovery process. The Office of Administration has the care, custody and control of all existing disaster recovery tapes that may contain emails from the official, unclassified Executive Office of the President system. To the extent that the Proposed Order sweeps broader, it is inappropriate. Second, the Proposed Order requires defendants to "preserve the media under conditions that will permit their eventual use, if necessary[.]" Although the Office of Administration is taking reasonable and appropriate steps to preserve the disaster recovery tapes under conditions that will permit their eventual use, if necessary, it is unknown what further actions, if any, are required to "preserve the media under conditions that will permit their eventual use, if necessary[.]" See also Judicial Watch v. Dep't of Commerce, 501 F. Supp. 2d 83, 91 (D.D.C. 2007) (stating that mandatory injunction requires showing of "extreme or very serious damage"); District 50, 412 F.R.D. at 167 (noting that the status quo is the "last uncontested status which preceded the pending controversy"). As such, the Proposed Order may run afoul of Rule 65(d) and its specificity requirements.

No injunctive relief is merited here. This is particularly so in light of defendants' representations and willingness even to offer a declaration setting forth defendants' preservation commitments.[5] But to the extent the court nonetheless entertains issuing an order, defendants

---

[5] Compare defendants' representations with the contours of the order issued in Armstrong v. Bush, 807 F. Supp. 816 (D.D.C. 1992). In Armstrong, the court – based on the court's finding of harm – issued an order directing defendants "from this day forward to preserve all the current and existing computer backup tapes in their custody as of the date of this order, or hereafter

respectfully propose the following language for any order, which addresses the concerns set forth

in this Part II:

> Having considered Plaintiff's Motion for a Temporary Restraining Order [#4], the opposition thereto, and the entire record herein, it is hereby **ORDERED** that the motion is granted, and that defendants will preserve media, no matter how described, presently in their possession or under their custody or control, that were created with the intention of restoring computer systems in the event of a disaster, and may potentially be used to restore data from the official, unclassified Executive Office of the President email system that may not have been otherwise preserved. Defendants shall take reasonable and appropriate steps to preserve the media under conditions that will permit their eventual use, if necessary, and shall not transfer said media out of their custody or control without leave of this Court.

//

//

//

//

//

---

created from the electronics communications systems. . . . It is further ordered that the defendants are not to write-over, erase, or destroy any of the information on the aforementioned tapes." Id. Of course, defendants have provided similar assurances in this case already.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Opposition to Plaintiff's

Motion for a Temporary Restraining Order, plaintiff's motion for emergency injunctive relief

should be denied.

Respectfully submitted this 23rd day of October, 2007.

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

JOHN R. TYLER
Senior Trial Counsel

/s/ Helen H. Hong
HELEN H. HONG (CA SBN 235635)
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box 883, 20 Massachusetts Ave., NW
Washington, D.C.  20044
Telephone: (202) 514-5838
Fax: (202) 616-8460
helen.hong@usdoj.gov

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2007, a true and correct copy of the foregoing

Defendant's Local Rule 72.3(b) Objections to Report and Recommendation on Plaintiff's

Motion for a Temporary Restraining Order was served electronically by the U.S. District Court

for the District of Columbia Electronic Document Filing System (ECF) and that the document is

available on the ECF system.

/s/ Helen H. Hong            
HELEN H. HONG
