UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE NATIONAL SECURITY ARCHIVE,**<br><br>　　　　**Plaintiff,**<br><br>　　　　**v.**<br><br>**EXECUTIVE OFFICE OF THE PRESIDENT, et al.,**<br><br>　　　　**Defendants.** | Civil Action No. 07-1577 (HHK/JMF) |

**MEMORANDUM ORDER**

Before the court is Plaintiff's Motion for Leave to Serve Expedited Discovery Requests and to Compel Rule 26(f) Conference ("Motion"), which was referred to me for resolution by Judge Henry H. Kennedy, Jr. on November 28, 2007.

**a. Background**

This case involves a claim by plaintiff, the National Security Archive ("the Archive"), that several million email messages have been improperly deleted from White House computer servers. Complaint for Declaratory, Injunctive, and Mandamus Relief ("Complaint") at 13-14. In its Complaint, filed on September 5, 2007, the Archive seeks "an order requiring the defendants to recover and restore certain electronic communications created and/or received within the White House." Id. at 1.

On October 18, 2007, the Archive requested a meeting with defendants pursuant to Rule 26(f)[1] of the Federal Rules of Civil Procedure. Memorandum in Support of

---

[1] All references to the Federal Rules of Civil Procedure are to the version that became effective December 1, 2007.

Plaintiff's Motion for Leave to Serve Expedited Discovery Requests and to Compel Rule 26(f) Conference ("NSA Mem.") at 4.  That rule requires the parties to meet and confer "as soon as practicable" to:

> consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan.

Fed. R. Civ. P. 26(f)(1), (2).  Six days later, the Archive filed the instant Motion seeking "an order expediting the commencement of discovery and compelling the parties to meet pursuant to Rule 26(f) as soon as possible."  Motion at 1.

### b. The Motion

The Archive is primarily focused on obtaining answers to "what back-ups of EOP emails still exist and how their preservation is ensured."  NSA Mem. at 7.  Judge Kennedy answered the latter question when, in a related case, he ordered defendants to preserve all back-ups in the "possess[ion of EOP] or under their custody or control." Citizens for Responsibility and Ethics in Washington ("CREW") v. Exec. Office of the President, Civil Action No. 07-1707, Order at 2 (Nov. 12, 2007).  Pursuant to that order, defendants must "preserve the media under conditions that will permit their eventual use, if necessary, and shall not transfer said media out of their custody or control without leave of this court."  Id.

As to the question of "what back-ups of EOP emails still exist," the Archive seeks to determine whether the back-ups now being preserved pursuant to Judge Kennedy's order contain the several million email messages it alleges have been improperly deleted from White House computer servers.  NSA Mem. at 7-9.  If the back-ups do not contain this information, the Archive would likely seek to "recover the missing records from

other sources, including individual workstations, or through other forensic means." NSA Mem. at 9. That would not come without a fight, however. Defendants have vigorously challenged the standing of the Archive to seek, and the jurisdiction of this court to compel, restoration of electronic records.[2] Defendants' Consolidated Opposition To Plaintiffs' Motions For Leave To Conduct Expedited Discovery And Motion To Compel Rule 26(F) Conference ("Opp.") at 3 ("[w]hether and how restoration efforts will be undertaken is action committed to the administrative scheme"); Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaints ("Mot. to Dismiss") at 8-14.

### c. Conclusion

To the extent that the missing emails are contained on the back-ups preserved pursuant to Judge Kennedy's order, there is simply no convincing reason to expedite discovery – particularly where, as here, there is a pending motion to dismiss. If the missing emails are not on those back-ups, however, the relief likely to be requested by the Archive will be beyond the scope of the present Motion – and, indeed, beyond the scope of this referral. The request for that relief will also be time-sensitive: emails that might now be retrievable from email account folders or "slack space"[3] on individual workstations are increasingly likely to be deleted or overwritten with the passage of time.

It is thus possible that a small amount of information not currently in the record may have a large affect on the resolution of this Motion and the direction of this lawsuit.

---

[2] This argument is not without merit, as evidenced by a recent decision in which Judge Richard J. Leon dismissed a similar case after holding that the court lacked jurisdiction to prevent the unlawful removal or destruction of records protected by the Federal Records Act. CREW v. U.S. Dep't. of Homeland Sec., No. 06-883, Slip. Op. at 17-18 (D.D.C. Dec. 17, 2007).

[3] See United States v. Triumph Capital Group, Inc., 211 F.R.D. 31, 46 n.7-8 (D. Conn. 2002) ("'Slack space' is the unused space at the logical end of an active file's data and the physical end of the cluster or clusters that are assigned to an active file. Deleted data, or remnants of deleted data can be found in the slack space . . . until it is overwritten by new data.").

With that understanding, the court will order the defendants to provide answers[4] to the following questions:

1. Are the back-ups[5] catalogued, labeled or otherwise identified to indicate the period of time they cover?

2. Are the back-ups catalogued, labeled or otherwise identified to indicate the data contained therein?

3. Do the back-ups contain emails written and received between 2003-2005?

4. Do the back-ups contain the emails said to be missing[6] that are the subject of this lawsuit?

I will proceed to resolve the Motion after receipt of the defendants' answers.

**SO ORDERED.**

Date:   January 8, 2008                                     /s/
                                                            JOHN M. FACCIOLA
                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] The answers are to be provided by counsel in a sworn declaration within the next five business days.

[5] For purposes of these questions, the word "back-up" refers to media, no matter how described, presently in their possession or under their custody or control, that were created with the intention of preserving data in the event of its inadvertent destruction, and that are being preserved in accordance with Judge Kennedy's order.

[6] See NSA Mem. at 2 ("The White House acknowledged in two April 2007 press conferences that as many as 5 million emails may be missing."). Id. at 2 n.2 ("Press Release, White House Office of the Press Secretary, Press Gaggle by Dana Perino and Dr. Ali Al-Dabbagh, Spokesman for the Government of Iraq (April 13, 2007) (White House spokesperson quoted as saying, 'I wouldn't rule out that there were a potential 5 million emails lost'); Press Release, White House Office of the Press Secretary, Press Briefing by Dana Perino (April 16, 2007) (White House spokesperson quoted as saying, 'we are aware that there could have been some emails that were not automatically archived because of a technical issue').").