# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE ) PRESIDENT, et al., ) ) Defendants. ) ) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| NATIONAL SECURITY ARCHIVE, ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE ) PRESIDENT, et al., ) ) Defendants. ) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |

## DEFENDANTS' CONSOLIDATED OPPOSITION TO
## PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SURREPLIES

Plaintiffs do not meet the standard for granting leave to file a surreply. Defendants' reply did not raise matters – legal or factual – that justify plaintiffs' proposed surreplies because plaintiffs had ample opportunity to address every issue raised in defendants' opening motion and reply brief. Nonetheless, plaintiffs seek leave to file additional briefing, claiming that they did not have an opportunity to address two legal arguments in their oppositions to defendants' consolidated motion to dismiss. Plaintiffs claim that they were unable to address (1) whether the FRA prescribes discretionary, as opposed to "ministerial" duties, in analyzing their mandamus

claims; and (2) whether the well-established standing principles discussed in <u>CREW v. DHS</u>, Civ. No. 06-883, preclude them – as it did CREW in that case for an FRA claim – from obtaining standing here to pursue prospective declaratory and injunctive relief under the FRA.  <u>See</u> NSA Mot. for Leave at 2; CREW Mot. for Leave at 2, and 2 n.1.  Neither issue presents new matters warranting additional briefing.[1]  Indeed, plaintiffs availed themselves of their opportunity, at length in their opposition briefing, to address both points.  Plaintiffs responded to and anticipated that plaintiffs must establish ministerial duties under the FRA for any mandamus relief.  As NSA admits in its proposed surreply, it "alleged in its Complaint and <u>stated in its Opposition</u>, [that] the FRA" provides "absolutely no discretion as to whether [defendants must] comply with the FRA's requirements regarding enforcement action and the promulgation of adequate recordkeeping policies."  NSA Proposed Surreply at 7 (emphasis added).  And neither plaintiff can seriously contend that they did not address the standing principles relied upon in <u>CREW v. DHS</u> when NSA devoted ten pages of its brief and fourteen pages of a declaration, and CREW devoted seven pages of its brief and a four-page declaration, to argue in support of their standing.  <u>See</u> NSA Opp'n at 22-31; Decl. of Thomas S. Blanton; CREW Opp'n at 22-28; Decl. of Melanie Sloan.  Plaintiffs' motions should both be denied.

---

[1] CREW remarkably proposes an additional, "supplemental" declaration which it claims addresses "some of the specific factual deficiencies in CREW's standing." Proposed Suppl. Decl. of Melanie Sloan ¶ 1.  Of course, CREW had ample opportunity to establish its own standing – which was unambiguously at issue from defendants' motion to dismiss – in its opposition briefing and original declaration filed in support.

**ARGUMENT**

"A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." <u>United States v. Baroid Corp.</u>, 346 F. Supp. 2d 138, 143 (D.D.C. 2004). Such matters must be "truly new." <u>United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am. Inc.</u>, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). "A surreply is most appropriate where the new matter introduced is <u>factual</u>," not merely legal argument or a legal citation. <u>Id.</u> (emphasis added); <u>see also</u> <u>Flanagan v. Wyndham Int'l, Inc.</u>, 231 F.R.D. 98, 101 (D.D.C. 2005) (granting moving party leave to file surreply to respond to statements in a <u>supplemental declaration</u> filed with the opposing party's reply). Indeed, one district court has expressed doubt that "the existence of statutory or case law can ever be 'new matter' so as to permit the filing of a surreply." <u>Pogue</u>, 238 F. Supp. 2d at 277 (concluding that caselaw interpreting an extant statutory provision "is not new matter [because the statute] was passed by Congress in 1968"). Consistent with these authorities, leave to file surreplies should be denied here for several reasons.

First, plaintiffs already argued erroneously but vigorously in their oppositions that the FRA provides for "mandatory, non-discretionary" duties. <u>See, e.g.</u>, NSA Opp'n at 2-5; CREW Opp'n at 30 n.26. In fact, NSA committed three section headings to contend that the FRA imposes a "mandatory, non-discretionary duty to make and preserve records," a "mandatory, non-discretionary duty to initiate action through Attorney General to restore records," and a "mandatory, non-discretionary duty to promulgate and maintain recordkeeping guidelines." NSA Opp'n at 2, 3, 4. Addressing the legal standards required for mandamus relief, NSA stated in its opposition that mandamus relief would be appropriate where "the plaintiff has a clear right

to relief, the defendant has a clear duty to act, and no other adequate remedy is available." Id. at 33.

CREW, too, addressed the requirement for ministerial duties in its opposition, arguing further in a footnote that the "court's ruling in Armstrong I emphasizing the statutory duties that the FRA imposes on the archivist and the agency head would foreclose" any argument that the FRA does not require ministerial duties. CREW Opp'n at 30. These are the same arguments, based on the same statutory language, that plaintiffs present in their proposed surreplies. See NSA Proposed Surreply at 7; see also Pogue, 238 F. Supp. 2d at 277 (statutory provision extant at time of opposition filing precludes leave to file surreply that merely explained and identified arguments based on the statute). Having had the opportunity, and having availed themselves of the opportunity, to argue that mandamus relief is appropriate for their FRA claims, a surreply is not merited for plaintiffs to reiterate their views.[2] See, e.g., Robinson v. The Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (striking proposed surreply in part because it "merely reiterates arguments already made and does not add anything new"); Baroid Corp., 346 F. Supp. 2d at 143 (allowing surreply "where a party would otherwise be unable to respond" to arguments).

Of course, as defendants established, mandamus relief is unavailable because the FRA permits discretionary action, rather than mandates ministerial duties of the Archivist or agency heads. Plaintiffs contend, of course, that defendants are obligated to perform the "ministerial" duty to initiate action through the Attorney General alone. That is unambiguously not so.

---

[2] For the same reason, this Court should deny plaintiffs' request that the mandamus discussion be stricken from defendants' reply.

Plaintiffs do not challenge in their proposed surreplies the D.C. Circuit's command that the Archivist and agency heads maintain discretion under the FRA: they "may proceed first by invoking the agency's 'safeguards against the removal or loss of records,' 44 U.S.C. § 3105," or determine that action through the Attorney General would be appropriate. Armstrong I, 924 F.2d at 296 n.12; see also Defs.' Reply at 19. Such discretionary determinations are not appropriate for mandamus review. Plaintiffs similarly cannot contest that the statute speaks of duties only "[i]n any case in which the head of the agency does not initiate an action for such recovery or other redress within a reasonable period of time after being notified of any such unlawful action." 44 U.S.C. § 2905 (emphasis added); see also Defs.' Reply at 19. Determination of a "reasonable period of time" compels deference to actors under the FRA. Similarly, "[l]eeway in crafting recordkeeping policies" is precisely the type of discretionary act foreclosing mandamus relief. NSA Proposed Surreply at 7. NSA has not contended (and cannot contend) that defendants have failed to develop any recordkeeping guidelines, but challenged whether defendants maintain "adequate recordkeeping guidelines." NSA Opp'n at 2. The discretionary act of promulgating guidelines does not provide a ministerial act appropriate for mandamus review.

      Plaintiffs also seek to file their proposed surreplies to address the standing principles discussed in CREW v. DHS and which required dismissal of CREW's FRA claim there. CREW v. DHS did not, however, articulate new standing law or effect a sea change (or any change at all) to well-established instructions on what Article III standing requires. Accordingly, CREW v. DHS is simply not a truly new matter weighing in favor of leave to file a surreply. Pogue, 238 F. Supp. 2d at 277 (doubting that "the existence of statutory or case law can ever be 'new matter'

so as to permit the filing of a surreply"). Indeed, the court in CREW v. DHS cited as authority the same cases that defendants relied on in their opening motions to dismiss to establish plaintiffs' lack of standing for their latter four claims, which plaintiffs could, and did, address in their oppositions. Compare CREW v. DHS, Slip Op. at 7 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)) (requiring realistic threat of future harm) with Defs.' Mot. to Dismiss at 20 (same); Slip Op. at 9 (relying on Am. Historical Ass'n v. Nat'l Archives & Records Admin., 310 F. Supp. 2d 216, 218 (D.D.C. 2004)) with Defs.' Mot. to Dismiss at 21. For the reasons articulated in the defendants' opening motion and reply, plaintiffs fail to establish sufficiently concrete injuries to pursue relief. See Defs.' Mot. at 19-21; Defs.' Reply at 10-13.

CREW's declarations simply do not justify its claim to standing. Recognizing that its first declaration was inadequate, CREW attempts to augment the record with a new three-page, eight-paragraph "factual" declaration. And CREW suggests, without citation to authority, that defendants' reference to CREW v. DHS, which itself relies on well-established law, somehow permits CREW to introduce an entirely new declaration, as opposed to legal argument. The proposed declaration, at a minimum, cannot be permitted to be filed. In any event, in terms of future injury for the latter four claims, CREW's declarations together fall far short of even the inadequate declaration submitted by NSA in its opposition. CREW's self-serving statements that it will, at some point in the future, submit FOIA requests to CEQ and OA, for example, does not meet the threshold for standing articulated by the Supreme Court and described in CREW v. DHS.

Nor may CREW purport to answer in its proposed surreply questions raised in the Webster cases about organizational standing. Proposed Supp. Decl. ¶¶ 2, 6; CREW's Proposed

Surreply at 4-5.  Simply put, CREW v. DHS did not address whether CREW is the type of organization that may be granted standing as the Webster cases discussed.  See Am. Friends Serv. Comm. v. Webster, 720 F.2d 29, 46 (D.C. Cir. 1983) (Webster II); Am. Friends Serv. Comm. v. Webster, 485 F. Supp. 222, 227 (D.D.C. 1980) (Webster I).  CREW may not, therefore, use defendants' citation to CREW v. DHS as a vehicle to address that other, distinct argument.  See CREW Proposed Surreply at 4-5 (conclusorily claiming that CREW is not the type of political organization denied standing in Webster); Proposed Supp. Decl. ¶¶ 2, 6.  Even if defendants' reference to CREW v. DHS could permit CREW to respond to the issues raised in that case – which it does not – CREW certainly may not offer discussions in its proposed surreply that go beyond the matters addressed in that case.  In any event, CREW continues to suffer from the fundamental impediment addressed Webster I and II.  See Defs.' Mot. at 17-19; Defs.' Reply at 13-14.  It is merely an organization "whose goals and purposes are alleged to require access to the files and records . . . in order to enable them to disseminate information for organizational, educational, and political purposes."  Webster II, 485 F. Supp. at 226.  Even CREW's proposed Supplemental Declaration and proposed Surreply do not compel a different conclusion.  As such, CREW continues to lack standing for each of its claims.[3]

//

//

---

[3]  To the extent the Court grants leave to either plaintiff to file their surreplies, defendants request an opportunity to respond to the substantive arguments.  In particular, CREW provides additional factual support for its arguments in its surreply, rather than legal analysis alone.  Defendants should have an opportunity to respond to those factual contentions.

## **CONCLUSION**

For the reasons set forth above, plaintiffs' motions for leave to file a surreply must be denied.

Respectfully submitted this 11th day of January, 2008.

                              JEFFREY S. BUCHOLTZ
                              Acting Assistant Attorney General

                              JEFFREY A. TAYLOR
                              United States Attorney

                              ELIZABETH J. SHAPIRO
                              Assistant Branch Director

                              /s/ Helen H. Hong
                              HELEN H. HONG (CA SBN 235635)
                              Trial Attorney
                              U.S. Department of Justice, Civil Division
                              P.O. Box 883, 20 Massachusetts Ave., NW
                              Washington, D.C.  20044
                              Telephone: (202) 514-5838
                              Fax: (202) 616-8460
                              helen.hong@usdoj.gov

                              Counsel for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2008, a true and correct copy of the foregoing Defendants' Consolidated Opposition to Plaintiffs' Motions to File Surreplies was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                                /s/ Helen H. Hong

                                                HELEN H. HONG

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL SECURITY ARCHIVE, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) | |
| Defendants. | ) ) | |

### [PROPOSED] ORDER DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SURREPLIES

Upon consideration of the papers filed by all the parties and arguments of counsel, it is hereby

ORDERED that NSA's Motion for Leave to File Surreply or in the Alternative to Strike New Argument and Authority [44] be, and hereby is, DENIED.  It is further

ORDERED that CREW's Motion for Leave to File Sur-reply in Opposition to Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaints and Supporting

Memorandum [45] be, and hereby is, DENIED.

    Dated this \_\_\_\_ day of _____, 2008.

_____
HONORABLE HENRY H. KENNEDY
United States District Court Judge