**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>　　　　　Plaintiff, )<br><br>　　v. )<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al., )<br><br>　　　　　Defendants. ) | Civil No. 07-01707 (HHK/JMF) |
| NATIONAL SECURITY ARCHIVE, )<br><br>　　　　　Plaintiff, )<br><br>　　v. )<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al., )<br><br>　　　　　Defendants. ) | Civil No. 07-01577 (HHK) |

**PLAINTIFF CREW'S[1] MEMORANDUM IN SUPPORT OF PLAINTIFF NATIONAL SECURITY ARCHIVE'S REQUEST FOR HEARING**

On January 17, 2008, the National Security Archive, a plaintiff in the above-captioned consolidated cases, filed a response to the Declaration of Theresa Payton ("Payton Decl."). Included in that response was a request that a hearing be held in this matter prior to the resolution of the pending motions for discovery. CREW hereby supports that request for the reasons outlined below.

Ms. Payton's declaration was submitted in response to this Court's Memorandum Order

---

[1] CREW is the acronym for Citizens for Responsibility and Ethics in Washington.

of January 8, 2008 (Document 46), directing defendants to answer by sworn declaration four questions concerning the back-ups that the Court has ordered be preserved. The Memorandum Order explains that the "small amount of information" sought by the Court's questions "may have a large affect on the resolution" of the pending motions for leave to conduct discovery[2] as well as "the direction of this lawsuit." Memorandum Order at p. 3. This is because "[i]f the missing emails" are not on the back-ups that the Court has ordered defendants to preserve, it will raise a "time-sensitive" issue of the need for additional relief, specifically exploring the possibility of retrieving the missing emails from other sources such as "email account folders or 'slack space . . .'" Id. On the other hand, the Court reasoned, "[t]o the extent that the missing emails are contained on the back-ups preserved pursuant to Judge Kennedy's order, there is simply no convincing reason to expedite discovery . . ." Id.

Ms. Payton's declaration does not provide sufficient clarity for this Court to conclude confidently that the missing emails are contained on the back-up copies that defendants have represented they are preserving. In several key respects Ms. Payton has failed to provide the Court with information that is critical to assess the degree to which those disaster recovery tapes are sufficiently comprehensive such that no discovery is warranted.

First, Ms. Payton states that the Executive Office of the President ("EOP") "regularly" backs-up the EOP Network "onto disaster recovery back-up tape media . . ." Payton Decl. at ¶ 6. Nowhere, however, does Ms. Payton explain what "regularly" means or provide any further detail on how often these back-ups occur. We do not know, for example, whether the EOP

---

[2] Although the Memorandum Order addresses only the motion of the National Security Archive, CREW also has moved for leave to conduct discovery and that motion has also been referred to Magistrate Judge Facciola for resolution.

creates back-ups on a daily, weekly or monthly basis, or for some other "regular" period of time. Without this information it is impossible for this Court to conclude that the collection of back-up copies the EOP is preserving are the best repository for the missing emails.

Second, Ms. Payton's declaration describes the EOP's email records preservation system as "entail[ing] saving journaled emails to pst files that are then maintained on the EOP Network." Payton Decl. at ¶ 5. Again, however, there are critical unanswered questions. To begin with, Ms. Payton does not explain how OA's journaling process works, where the journaled emails are stored, how often they are placed on pst files, whether they are deleted after the pst files are created and, most significantly, how often the pst files are put on the EOP Network (i.e., the time lag between when the pst files are created and when they are put on the Network). More fundamentally, Ms. Payton does not state when this practice of journaling emails started and what, if any practice, preceded the EOP's use of journaling and its creation of pst files. Again, without this information the Court has no way of assessing how comprehensive the back-ups are with respect to the missing emails.

Third, Ms. Payton states that "OA's process for creating disaster recovery back-up tapes . . . has changed over time, undergoing periodic upgrades, enhancements and improvements." Payton Decl. at ¶ 6. Ms. Payton, however, provides no additional detail about those changes and their impact, if any, on the comprehensiveness of the EOP's collection of disaster recovery tapes.

Beyond these questions, a careful parsing of defendants' answers to the Court's specific questions makes clear that defendants have yet to provide direct answers, offering instead generic information and reassurances based on the speculation of the Office of Administration of what may be on the back-up copies.

CREW respectfully submits that with this number of unanswered questions and the failure of the White House to answer the Court's very straight-forward questions, a hearing makes the most sense at this juncture. Dueling declarations and briefs are simply not the most effective way to provide the Court with the information it needs to resolve the pending motions. Moreover, if the Court grants the request for a hearing, CREW is willing to make a data recovery expert available to answer any questions the Court may have or otherwise assist the Court in getting answers to its questions.

## CONCLUSION

For the foregoing reasons, CREW respectfully requests that the Court grant the request of the National Security Archive for a hearing before resolving the motions for discovery.

Respectfully submitted,

*/s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20530
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff CREW

Dated: January 23, 2008