# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No: 1:07-cv-01707 (HHK/JMF) ) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) |
| Defendants. | ) ) |
| NATIONAL SECURITY ARCHIVE, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No: 1:07-cv-01577 (HHK/JMF) ) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' SURREPLIES

The arguments raised in plaintiffs' surreplies do not ameliorate the fatal flaws in their claims for mandamus and prospective relief. As defendants have already established, the FRA prescribes discretionary, as opposed to "ministerial" duties. The discretionary nature of the duties delineated under the FRA are fatal to plaintiffs' claims for mandamus relief.

With respect to plaintiffs' claims for prospective relief, even with the filing of their respective surreplies and, in CREW's case, its Supplemental Declaration, neither plaintiff has shown that it satisfies the four-factor "standing" test discussed in CREW v. DHS, Civ. No. 06-

883, 2007 WL 4374030 (D.D.C. Dec. 17, 2007), to warrant a finding that either plaintiff has standing to pursue prospective declaratory and injunctive relief under the FRA.  Moreover, even assuming that CREW could overcome this fundamental deficiency in its claims for prospective relief – which it cannot – CREW nonetheless does not have standing to pursue any of its claims because it is not the type of organization that may bring such claims under D.C Circuit law.

## ARGUMENT

### I. Plaintiffs Are Not Entitled To Mandamus Relief Because the FRA Permits Only Discretionary Action

Plaintiffs' surreplies do not alter the fundamental principle that mandamus relief is unavailable because the FRA permits discretionary action, rather than mandating ministerial duties of the Archivist or agency heads.  Plaintiffs contend that defendants are obligated to perform the "ministerial" duty to initiate action through the Attorney General alone.  That is unambiguously not so.  Plaintiffs' surreplies do not challenge the D.C. Circuit's command that the Archivist and agency heads maintain discretion under the FRA: they "may proceed first by invoking the agency's 'safeguards against the removal or loss of records,' 44 U.S.C. § 3105," or determine that action through the Attorney General would be appropriate.  Armstrong v. EOP, 924 F.2d 282, 296 n.12 (D.C. Cir. 1991) ("Armstrong I"); see also Defs.' Reply at 19.  Such discretionary determinations are not appropriate for mandamus review.  Plaintiffs similarly cannot contest that the statute speaks of duties only "[i]n any case in which the head of the agency does not initiate an action for such recovery or other redress within a reasonable period of time after being notified of any such unlawful action."  44 U.S.C. § 2905 (emphasis added); see also Defs.' Reply at 19.  Determination of a "reasonable period of time" compels deference

to actors under the FRA. Similarly, "[l]eeway in crafting recordkeeping policies" is precisely the type of discretionary act foreclosing mandamus relief. NSA Surreply at 7. NSA has not contended (and cannot contend) that defendants have failed to develop <u>any</u> recordkeeping guidelines, but challenged whether defendants maintain what NSA deems "<u>adequate</u> recordkeeping guidelines." NSA Opp'n at 2. The discretionary act of promulgating guidelines does not provide a mandatory, ministerial act appropriate for mandamus review. For this reason, plaintiffs' claims for mandamus must be dismissed.

## II.     CREW Does Not Have Standing To Bring Any Of Its Claims

Recognizing that its first declaration was inadequate, CREW, through its surreply, has augmented the record with a new, eight-paragraph "factual" declaration in an unavailing effort to overcome the fatal deficiencies that thwart its standing. However, even with this Supplemental Declaration, CREW cannot demonstrate that it has standing to bring its claims. Indeed, with respect to its request for prospective relief as set forth in its latter four claims, CREW's declarations together fall short of even the inadequate declaration submitted by NSA in its opposition and do not establish the factual predicate necessary to satisfy the threshold for standing articulated by the Supreme Court and described in <u>CREW v. DHS</u>.

First, although CREW identifies that it "has filed hundreds of [Freedom of Information Act] FOIA requests with a wide variety of government agencies," Sloan Supp. Decl. ¶ 3, CREW identifies only that it currently has pending requests before CEQ and OA and past requests of OMB.[1] Second, neither CREW's conclusory statement that it "will continue to file FOIA

---

[1] As defendants have previously stated, any FOIA requests CREW may have pending before OA do not bear on the issues before this Court because OA does not fall within the definition of

requests in the future with EOP components," Sloan Supp. Decl. ¶ 6; CREW Surreply, at 3-4, nor its claim that it may in the future submit "follow-up FOIA requests" to CEQ, Sloan Supp. Decl. ¶ 6; CREW Surreply at 3-4, is sufficient to demonstrate under CREW v. DHS "that [its] alleged future harm is either real or imminent." DHS, 2007 WL 4374030, at*5. Indeed, of the twenty-five FOIA requests CREW currently has pending, it has only one request pending before an EOP component subject to the FRA. Thus, CREW cannot demonstrate that its purported claims of future injury are "either real or imminent." Accordingly, this Court should find that CREW lacks standing to pursue its claims for prospective relief and dismiss those claims in their entirety.

Not only is CREW unable to demonstrate that it has standing to pursue its claims for prospective relief, but it also continues to suffer from the fundamental impediment addressed in American Friends Serv. Comm. v. Webster, 485 F. Supp. 222 (D.D.C. 1980) ("Webster I") and American Friends Serv. Comm. v. Webster, 720 F.2d 29 (D.C. Cir. 1983) ("Webster II"). See Defs.' Mot. at 17-19; Defs.' Reply at 13-14. Specifically, the court in Webster found "questionable" whether plaintiff organizations, such as CREW here, "whose goals and purpose are alleged to require access to [government records] . . . to disseminate information for organizational, educational, and political purposes" satisfy the "requisite injury-in-fact standard." Webster I, 485 F. Supp. at 226. Through its Supplemental Declaration, CREW tries to hide this deficiency by attempting to persuade this Court that it is a research organization that

---

"agency" for purposes of FOIA and therefore the FRA. See Defs.' Consolidated Motion to Dismiss Plaintiffs' Complaints at 17 n.5; Defs.' Reply at 12 n.7. Accordingly, any records CREW has sought from OA are not governed by the FRA.

conducts "in-depth research on the activities of public officials" through the FOIA process.  See Sloan Supp. Decl. ¶ 2.  However, CREW's efforts to persuade this Court that it does not suffer from the same standing deficiencies set forth in Webster I and II through the filing of its Supplemental Declaration are belied by its own prior statements in this litigation.  See, e.g., CREW Opp'n at 23; Sloan Decl. ¶¶ 2, 3, 8 (stating that it has a "commitment to transparency in government, [with] efforts to combat actions of this administration to undermine transparency in government and CREW's commitment to educating citizens about how President Bush and his administration perform their duties and responsibilities").  By CREW's own admission, it is an organization "whose goals and purposes are alleged to require access to the files and records . . . in order to enable them to disseminate information for organizational, educational, and political purposes."  Webster I, 485 F. Supp. at 226.  CREW's Supplemental Declaration and Surreply do not compel a different conclusion, and as such, CREW continues to lack standing to pursue any of its claims.

**III.     NSA Does Not Have Standing to Bring Its Claims**

Like CREW, NSA has failed to demonstrate the type of "imminent, non-speculative injury-in-fact" necessary to pursue its claims for prospective relief.  Unlike CREW's sparse record of submitting FOIA requests to EOP components, NSA has established that it has filed 250 FOIA requests with EOP components and that it currently has 90 FOIA requests pending with EOP components.  However, NSA has still failed to provide any evidence about "specific FOIA requests" that it will file "with [EOP components] for [federal] records in the near future." DHS, 2007 WL 4374030, at *4.  To that point, NSA's statements that it has identified document sets that "are likely to call for records maintained by EOP or its components" and "specific areas

of ongoing research that are <u>highly likely</u> to call for records maintained by" the same, NSA Surreply, at p. 4, Blanton Decl. ¶¶ 26, 27 (emphasis added), do not provide the concrete showing of immediate or actual harm necessary to provide it standing to pursue its claims for prospective relief. For this reason, NSA has failed to establish the requisite injury-in-fact necessary to pursue counts five through eight of its Complaint and those claims must be dismissed.

//
//
//
//
//
//
//

## **CONCLUSION**

For the reasons set forth above and those set forth more fully in Defendants' opening brief and Defendants' Reply in Support of Consolidated Motion to Dismiss Plaintiffs' Complaints, this Court should grant Defendants' Motion to Dismiss.

Respectfully submitted this 25th day of January, 2008,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

/s/ Tamra T. Moore
TAMRA T. MOORE (D.C. Bar No. 488392)
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box 883, 20 Massachusetts Ave., NW
Washington, D.C. 20044
Telephone: (202) 514-8095
Fax: (202) 616-8470
tamra.moore@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2008, a true and correct copy of the foregoing Defendants' Consolidated Response to Plaintiffs' Surreplies was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

/s/ Tamra T. Moore
TAMRA T. MOORE