**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al., )<br><br>Defendants. )<br>_____)<br>NATIONAL SECURITY ARCHIVE, )<br><br>Plaintiff, )<br><br>v. )<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al., )<br><br>Defendants. )<br>_____) | Civil No. 07-01707 (HHK/JMF)<br><br><br><br><br><br><br><br>Civil No. 07-01577 (HHK) |

**PLAINTIFF CREW'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'**
**CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

Relying in significant part on a recently issued opinion by U.S. District Court Judge

Royce C. Lamberth in CREW v. Dep't of Homeland Security, Civil No. 06-883 (RCL) ("CREW

v. DHS"),[1] defendants argue in their reply in support of their motion to dismiss that CREW lacks

standing to sue here because it has failed to establish "a real or imminent threat of future injury."

Defendants' Reply in Support of Consolidated Motion to Dismiss Plaintiffs' Complaints ("Ds'

Reply") at 12.  Defendants, however, fail to come to terms with the significant factual

_____

[1] 2007 U.S. Dist. LEXIS 91901 (Dec. 17, 2007).

differences between the record in the instant case and in <u>CREW v. DHS</u>, factual differences that make Judge Lamberth's opinion inapplicable here.

At issue in <u>CREW v. DHS</u> is a Freedom of Information Act ("FOIA") request CREW filed with the Secret Service for White House visitor records of Jack Abramoff and seven of his associates. CREW also challenged as arbitrary, capricious and contrary to the Federal Records Act ("FRA") the policy of the Secret Service to destroy White House visitor records without approval of the Archivist once the agency transfers copies to the White House. The Court concluded that CREW lacked constitutional standing to seek prospective declaratory and injunctive relief on its FRA count because it "has not adequately alleged that it will suffer a future injury-in-fact, that is both imminent and concrete . . ." 2007 U.S. Dist. LEXIS 91901, *3. Although Judge Lamberth found that CREW had properly alleged a past injury-in-fact based on its allegation that it was denied access to records responsive to its FOIA request, <u>id.</u>, he concluded that the record before him did not sufficiently establish a future injury. <u>Id.</u> at *4.

Most pertinent here, the court in <u>CREW v. DHS</u> did not rule or even suggest that CREW would never have standing to challenge under the Administrative Procedure Act an agency's failure to comply with the FRA, the very claim at issue here. Indeed, Judge Lamberth recognized expressly that CREW's alleged future injuries were "certainly plausible . . ." <u>Id.</u> He went on to hold, however, that

> *nothing in the record before the Court* suggests how frequent[ly] these requests are made, which agencies are subject to these requests, and whether (or when) CREW expects to file future FOIA requests. Most notably, CREW does not allege anywhere in its complaint or opposition brief that it has a FOIA request pending with the DHS or that it intends to file a specific FOIA request with the DHS for WAVES records in the near future.

2007 U.S. Dist. LEXIS 91901, *4 (emphasis added).

The record before this Court, by contrast, includes all of the facts Judge Lamberth found missing in CREW v. DHS. First, as the declarations of CREW's executive director Melanie Sloan attest,[2] CREW has filed hundreds of FOIA requests since its inception in 2003, and averages at least several new FOIA requests every month. Declaration of Melanie Sloan ("Sloan Decl.") at ¶ 3 (Exhibit 2 to Plaintiff CREW's Opposition to Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaints; Supplemental Declaration of Melanie Sloan ("Supp. Sloan Decl.") at ¶ 3 (attached as Exhibit 1).

Second, CREW has filed FOIA requests with a wide variety of government agencies, including several components of the Executive Office of the Presidente ("EOP"): the Office of Management and Budget, the Council on Environmental Quality ("CEQ") and the Office of Administration ("OA"). Sloan Decl. at ¶ 5; Suppl. Sloan Decl. at ¶ 3. At present CREW has FOIA requests pending with over 25 agencies. Supp. Sloan Decl. at ¶ 3. With respect to its FOIA request of CEQ, CREW understands that a significant portion of the agency's emails for the period March 2002 through October 2005 are among the emails missing from White House servers, Sloan Decl. at ¶ 6, a fact defendants have not denied.

Third, CREW intends to file future FOIA requests, including requests of EOP components, given the critical importance of these records to CREW's mission. Sloan Decl. at ¶ 7; Supp. Sloan Decl. at ¶ 6. CREW has already identified at least two FOIA requests it anticipates filing in the near future: one with CEQ as a follow-up to its FOIA request for CEQ

---

[2] CREW is submitting herewith a supplemental declaration of Melanie Sloan that addresses the specific factual deficiencies identified in Judge Lamberth's opinion in CREW v. DHS, as this is the first opportunity CREW has had to respond specifically to that opinion.

documents related to global warming and one with OA once that component's status as an

agency subject to the FOIA has been resolved in pending litigation.  Supp. Sloan Decl. at ¶¶ 6, 7.

Finally, CREW has identified pending FOIA requests it has with EOP components that

have been affected by the White House policies challenged in this litigation.  As CREW's

executive director attests,

> [a]s a result of the defendants' failure to restore the millions of
> missing email and to adopt an affective records management
> program for its federal records, CREW has been deprived and
> will continue to be deprived of emails that are responsive to
> CREW's requests of EOP components.

Supp. Sloan Decl. at ¶ 5.

Taken as a whole these facts clearly establish that CREW has suffered an injury-in-fact

and therefore has standing to maintain this lawsuit.  That another court on other facts reached a

contrary conclusion is of no significance here, given this record.[3]

Finally, in their reply defendants challenge CREW's standing to sue on the ground that

CREW "operates for organizational political purposes . . ." Ds' Reply at 14.  This assertion,

however, is directly contradicted by the record that makes clear "CREW is a non-profit, non-

partisan ethics watchdog group organized under section 501(c)(3) of the Internal Revenue code."

Sloan Decl. at ¶ 2.  CREW is neither organized for nor operates as a political entity and

---

[3] Of further significance here, Judge Lamberth also concluded that "the APA authorizes judicial review of a claim -- properly pleaded, of course -- that the DHS's recordkeeping policies are arbitrary and capricious and do not comport with the requirements of the FRA.  The APA also authorizes the Court to entertain a claim that the head of the DHS or the Archivist have breached their statutory obligations to take enforcement action to prevent an agency official from improperly destroying records or to recover records unlawfully removed from the agency." 2007 U.S. Dist. LEXIS 91901, *8.  Although defendants cite selectively to this opinion, they fail to even mention the court's recognition that claims such as those brought by CREW here are judicially reviewable.

defendants' unsupported accusations to the contrary have no place in the Court's standing

analysis.[4]

**CONCLUSION**

For the foregoing reasons and those set forth in CREW's opposition to defendants'

motion to dismiss, defendants' motion should be denied.

Respectfully submitted,

/s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20530
Phone:  (202) 408-5565
Fax:  (202) 588-5020

Attorneys for Plaintiff CREW

Dated:  January 2, 2008

---

[4] Defendants also argue for the first time in their reply that the mandamus counts in the complaints must be dismissed because defendants' duties under the FRA are not ministerial.  For a response to this non-meritorious argument CREW respectfully refers the Court to the sur-reply filed by the National Security Archive in these consolidated cases.

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 07-01707 (HHK/JMF) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL SECURITY ARCHIVE, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 07-01577 (HHK) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**SUPPLEMENTAL DECLARATION OF MELANIE SLOAN**

I, Melanie Sloan, hereby declare as follows:

1. I am the executive director of Citizens for Responsibility and Ethics in Washington ("CREW"), plaintiff in the above-captioned case. This declaration supplements the declaration I submitted in this matter on December 12, 2007, and addresses some of the specific factual deficiencies in CREW's standing identified by Judge Lamberth in his opinion in CREW v. Dep't of Homeland Security, 2007 U.S. Dist. LEXIS 91901 (Dec. 17, 2007).

2. As I explained in my earlier declaration, to advance its mission, CREW uses a combination of research, litigation, advocacy and public education. In addition to its legal staff,

CREW has a research staff of five full-time analysts and one part-time analyst whose responsibilities include in-depth research on the activities of public officials. The most effective tool CREW has to advance its mission is the dissemination of information CREW gains from these processes, including the Freedom of Information Act ("FOIA").

3. Since 2003, CREW has filed hundreds of FOIA requests with a wide variety of government agencies, and averages at least several new FOIA requests every month. At present CREW has pending FOIA requests with over 25 different agencies, including requests with the Council on Environmental Quality ("CEQ") and three requests with the Office of Administration ("OA"). Both the CEQ and OA have yet to complete their processing of CREW's requests.

4. Virtually all of CREW's FOIA requests include requests for email records as well as paper records. All of the requests CREW has made of the EOP components have included requests for email records. For example, one pending request with OA, also the subject of litigation (CREW v. Office of Administration, Civil No. 07-964(CKK)), seeks documents, including emails, relating to OA's discovery in October 2005 that millions of emails were missing from White House servers, the subject matter of the instant lawsuit.

5. As a result of the defendants' failure to restore the millions of missing email and to adopt an effective records management program for its federal records, CREW has been deprived and will continue to be deprived of emails that are responsive to CREW's requests of EOP components.

6. As I stated in my earlier declaration, CREW will continue to file FOIA requests in the future with EOP components given the value of their records to CREW's mission. CREW seeks EOP records because they offer valuable insight into the formulation of this administration's

2

policies and priorities.  For example, once the CEQ completes its processing of CREW's request for documents related to the administration's position on global warming, CREW will review those documents and ascertain what areas are appropriate for follow-up FOIA requests.

7.  CREW has been deterred from filing any additional FOIA requests with OA given OA's latest position, adopted in litigation with CREW, that it is not an agency subject to the FOIA.  Once the Court in <u>CREW v. Office of Administration</u> rules on this issue, CREW will resume filing additional FOIA requests with OA.  For example, CREW intends to file a FOIA request with OA seeking to ascertain how its decision that it is no longer an agency was made and which outside entities had a part in that decision.

8.  The FOIA requests CREW has filed for White House records in the past, has pending with EOP components now and will file in the future demonstrate that CREW has a direct interest in ensuring that federal records maintained by EOP and its components, including email records, are preserved and made accessible to the public as federal law requires.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: ___1/2/08___                    _____
                                             MELANIE SLOAN
                                             Executive Director
                                             Citizens for Responsibility and
                                              Ethics in Washington
                                             1400 Eye Street, N.W., Suite 450
                                             Washington, D.C.  20005
                                             (202) 408-5565