**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al., )<br><br>Defendants. ) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| NATIONAL SECURITY ARCHIVE, )<br><br>Plaintiff, )<br><br>v. )<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al., )<br><br>Defendants. ) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |

**DEFENDANTS' OPPOSITION TO NSA's "EMERGENCY" MOTION TO
EXTEND TRO/PRESERVATION ORDER AND FOR DEPOSITIONS**

**INTRODUCTION**

Plaintiff National Security Archive's ("NSA") "emergency" motion appears to be pretext to obtain a hearing on its motion for expedited discovery.[1] Having failed to convince the Court

---

[1] NSA counsel never disclosed to defendants' counsel in the March 10 and 11 conferences that NSA would seek emergency relief in the instant motion. Rather, during the telephone conferences on March 10 and 11, NSA stated that it intended to file a motion for deposition of OA and NARA officials, and an order expanding the scope of the preservation order. Counsel's failure to disclose that NSA would file an application for temporary injunctive relief is a violation of Local Civil Rule 65.1(a) and alone justifies rejection of NSA's emergency demands.

through four prior motions to grant a hearing on its motion for expedited discovery,[2] NSA now attempts to force a hearing by invoking the extraordinary, emergency powers of the Court.[3] But, NSA provides no support for its pretextual request for extraordinary relief and fails to satisfy the exacting standard for granting such relief. Like its joint plaintiff in this consolidated action Citizens for Responsibility and Ethics in Washington ("CREW"), NSA misconstrues certain facts, and ignores others, that would otherwise undermine its request for "emergency" relief.[4] As demonstrated more fully below, there should be no doubt as to the truthfulness or accuracy of Ms. Payton's statements and there are no exigencies warranting either "emergency" depositions or an "emergency" enlargement of the Court's existing preservation order.

Given NSA's failure to justify extraordinary relief, the principal objective of NSA's "emergency" motion is clear: obtaining a hearing on expedited discovery, to include taking the depositions of senior level officials at the Office of Administration and the National Archives and Records Administration (NARA) that would be nothing more than fishing expeditions. NSA provides no credible facts to support its request for emergency relief. Rather, NSA predicates its

---

[2] See NSA's Motion for Expedited Discovery [5] (requesting hearing and expedited discovery); NSA Resp. to Decl. of Theresa Payton [50] (same); CREW Mot. for Discovery [14] (same); CREW's Mem. in Support of Pl. NSA's Request for Hr'g [53] (same).

[3] NSA also seeks to rely on the related Local Civil Rule 65.1(d), which provides that a hearing on any preliminary injunction application shall be heard by a court no later than 20 days after the filing of the application. Of course, courts may exercise discretion to deny an application for injunctive relief without a hearing on the merits "when the record is sufficient to demonstrate a lack of right to relief." Smith v. Harvey, No. 06-1117, 2006 WL 202026 at *2 (D.D.C. July 17, 2006). Given the utter lack of support for NSA's "emergency" motion, the Court should exercise its discretion to deny the application for relief without a hearing.

[4] For a more in-depth discussion of the unsupportable nature of plaintiffs' allegations against Ms. Payton, see also "Defendants Opposition to CREW's Motion to Show Cause Why Defendants Should Not be Held in Contempt and for Sanctions," which will be filed shortly.

"emergency" motion upon exigencies of its own making and, from there, bootstraps a request for expedited depositions that is also without merit. For the reasons stated below, NSA's request for "emergency" relief must fail.[5]

## ARGUMENT

When deciding whether to grant emergency injunctive relief, including a temporary restraining order, the district court must follow a well-settled standard: the movant must show irreparable injury, a likelihood of success on the merits, his interests and those of the public would be harmed if the restraining order were not imposed, and that the defendant would suffer no harm upon granting the emergency relief. See, e.g., Washington Metropolitan Area Transit Authority v. Holiday Tours, 559 F.2d 841, 843 (D.C.Cir.1977). No single factor is dispositive. Here, the absence of any evidence to satisfy the elements for such extreme relief compels denial of NSA's "emergency" motion.

The Court need only examine the structure of NSA's "emergency" motion to conclude that NSA's argument for emergency depositions or an enlargement of the preservation order is legally and factually unsupportable. Indeed, NSA makes only passing reference to the strict standard for emergency injunctive relief and does so at page 20 of its 23-page motion, in tacit recognition that its arguments would not pass muster under this exacting standard. Measured against the well-established four-factor test for analyzing requests for emergency injunctive

---

[5] Alternatively, to the extent this Court seeks to reach the merits of NSA's motion, defendants respectfully request that this Court convert NSA's "emergency motion" to a motion considered in the normal course as governed by Local Civil Rule 7.

relief – an exercise NSA avoids with respect to its request for emergency depositions – the request should be rejected.

Substantively, NSA's motion fails because it has not and cannot demonstrate irreparable harm or a likelihood of success on the merits. This is true because, as discussed below, NSA relies entirely on manufactured conflicts between the Declaration of Theresa Payton submitted January 15, 2008 and statements and documents provided at a February 26, 2008 hearing before the United States House of Representatives Committee on Oversight and Government Reform ("Committee Hearing"). As described more fully in defendants' opposition to CREW's Motion For An Order To Show Cause, Ms. Payton's declaration is entirely consistent with recent statements and documents adduced at the Committee Hearing. Given the large number of misstatements and mischaracterizations by NSA in its "emergency" motion, defendants will address just a representative few in demonstrating that NSA is not entitled to any relief whatsoever.

For instance, NSA relies upon and cites to the unsworn and un-cross-examined written statements from former Office of Administration employee Steven McDevitt in support of its contention that Ms. Payton's statements about the preparation of the 2005 "chart" are untruthful and inaccurate. Specifically, NSA, like its joint plaintiff CREW, challenges the veracity of Ms. Payton's statement that she was "aware of a chart created by a former employee within OCIO[.]" Payton Decl. ¶ 10. That statement challenged by NSA is an accurate recitation of Ms. Payton's understanding. Furthermore, the statement is corroborated (<u>not</u> contradicted) by an unsworn statement by the very person upon whom NSA relies – Steven McDevitt – who

informed Congress that he "was responsible for designing the chart[.]" NSA Mot., Ex. 10 ("Resp. from Steven McDevitt (Part 2 of 2)" at 4 (response to question 19)). Notwithstanding the efforts of the "team" working under Mr. McDevitt to gather data that may ultimately have populated Mr. McDevitt's chart, even Mr. McDevitt acknowledged that the chart was designed and created under his direction and leadership. See id. ("I . . . had a leading role in the definition and execution of the analysis."). NSA evidently fails to identify these statements in order to marshal support for its motion and otherwise impugn Ms. Payton's veracity. Incomplete characterization of fact, however, does not justify emergency relief. As stated above, Ms. Payton's declaration was then, and remains today, truthful and accurate. No conflict – other than those created by NSA or its joint plaintiff CREW – exists to justify the emergency relief NSA seeks.

NSA's request for emergency relief is also predicated on supposed contradictions between Ms. Payton's declaration and documents and statements adduced at the hearing "regarding whether any emails . . . can be restored from back-up tapes." NSA Mot. at 7. Contrary to NSA's contention, there is no evidence that "the search for presidential records from the Office of the Vice President . . . revealed that emails were indeed deleted from both the archive and disaster recovery tapes." NSA Mot. at 21. Like its co-plaintiff CREW, NSA mischaracterizes the document upon which it relies and incompletely quotes Ms. Payton's hearing statements without providing a proper context. First, no evidence from the Committee Hearing – whether the unsworn and un-cross-examined statement of Mr. McDevitt or the documents disclosed at the hearing – establishes that emails are not recoverable from back-up

tapes. Quite to the contrary, the documentary evidence confirms that email from "70 OVP mailboxes" was restored from the disaster recovery back-up tapes themselves. NSA Mot., Ex. 6 ("Sources of Supplemental Information: document entitled "Exchange MST Activity Plan"). This is consistent with Ms. Payton's response to a question from Congressman Tierney when Ms. Payton testified, under oath, that 70 OVP mailboxes and approximately 17,000 OVP emails for a one week period had been restored from the disaster recovery back-up tapes. See NSA Mot., Ex. 4 (Hr'g Tr. at 90:2087-2089).[6] This is also consistent with her sworn testimony throughout the testimony, when she confirmed that she had "every reason to believe" that emails would be recoverable from the disaster recovery back-up tapes. See NSA Mot., Ex. 4 (Hr'g Tr. at 121:2862-124:2937 (noting that email restore for OVP mailboxes had been successful, and Ms. Payton agreeing under oath that "certainly with the backups, we have every reason to believe at this point that we will be able to get the documents we seek"); id. at 59:1325-60:1327 (testifying that she is "very confident" that backup tapes may be used to recover email data); id. at 61:1358-1368 (same)). Those assurances alone are sufficient grounds to reject NSA's request for emergency relief.

Even if inconsistencies truly existed, however – a notion that is unsupported and should unequivocally be rejected -- such inconsistencies as identified in NSA's motion would be immaterial to the four questions posed by the Court for the purpose of determining whether

---

[6] It should be noted that NSA quotes from this exchange between Cong. Tierney and Ms. Payton, concluding from it that emails "are in fact missing from *both* the EOP network *and* the back-up tapes." NSA Mot. at 9. However, NSA conveniently omits the portion of Ms. Payton's testimony that immediately follows where she states, under oath, that "70 mailboxes were restored and 17,000 e-mails . . . ."

emergency relief should be granted.[7]  Purported "contradictions" about whether "any emails are missing," "regarding the OA's analysis of missing emails," the adequacy of an email archiving process, and "regarding the timing of OA's email analysis" have no bearing on what additional media, if any, must be preserved as NSA requests.  Those supposed "contradictions" are instead directed to something else entirely:  the very merits of NSA's complaint.  Even accepting as true NSA's version of the alleged contradictions – allegations that OA categorically rejects – the contours of any preservation order remain the same.  That is because the preservation order entered in this case was premised on an assumption that "e-mails have been deleted."  Report and Recommendation of Oct. 19, 2007 [11] at 3.  No discovery is necessary to confirm a state of affairs that has already been assumed to be the case.

Finally, NSA's declared need for emergency relief now is undercut by the fact that NSA asserted no such need two-months ago when it raised identical concerns about defendants' response to the Court's January 8, 2008 inquiries, but did not invoke the Court's emergency powers.  See Natural Resources Defense Council v. Pena, 147 F.3d 1012, 1026 (D.C. Cir. 2006) (delay in seeking emergency relief undercuts request for relief).  Because NSA has failed to establish irreparable harm or a likelihood that it will succeed on the merits, the Court should reject outright NSA's meritless request for any emergency relief.[8]

---

[7] Here, specifically, NSA requests that the November 12, 2007 preservation order should be enlarged to include not just disaster recovery back-up tapes, but "all media in EOP that may contain FRA-regulated email files[.]"  NSA Mot. at 23.

[8] Alternatively, at a minimum, the Court should convert the "emergency" motion to a motion for consideration in the

## CONCLUSION

For the reasons set forth above, plaintiff NSA's "Emergency" Motion to Extend TRO/Preservation Order and for Depositions must be denied.

Respectfully submitted this 14th day of March, 2008.

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General

        JEFFREY A. TAYLOR
        United States Attorney

        ELIZABETH J. SHAPIRO
        Assistant Branch Director

        /s/ Helen H. Hong
        HELEN H. HONG (CA SBN 235635)
        Trial Attorney
        U.S. Department of Justice, Civil Division
        P.O. Box 883, 20 Massachusetts Ave., NW
        Washington, D.C. 20044
            Telephone: (202) 514-5838
        Fax: (202) 616-8460
        helen.hong@usdoj.gov

        Counsel for Defendants

---

ordinary course under LCvR 7.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2008, a true and correct copy of the foregoing Defendants' Opposition to NSA's "Emergency" Motion to Extend TRO/Preservation Order and for Depositions was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

/s/ Helen H. Hong<br>
HELEN H. HONG

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE PRESIDENT, et al., ) ) ) Defendants. ) ) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| NATIONAL SECURITY ARCHIVE, ) ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE PRESIDENT, et al., ) ) ) Defendants. ) ) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |

### [PROPOSED] ORDER DENYING NSA's EMERGENCY MOTION TO EXTEND TRO/PRESERVATION ORDER AND FOR DEPOSITIONS

Upon consideration of the papers filed by all the parties, it is hereby

ORDERED that NSA's Emergency Motion to Extend TRO/Preservation Order and for Depositions [58] be, and hereby is, DENIED.

Dated this ____ day of _____, 2008.

_____
HONORABLE HENRY H. KENNEDY
United States District Court Judge