UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,**<br><br>      **Plaintiff,**<br>  **v.**<br><br>**EXECUTIVE OFFICE OF THE PRESIDENT, et al.,**<br><br>      **Defendants.** | Civil Action No. 07-1707 (HHK/JMF) |
| **NATIONAL SECURITY ARCHIVE,**<br><br>      **Plaintiff,**<br>  **v.**<br><br>**EXECUTIVE OFFICE OF THE PRESIDENT, et al.,**<br><br>      **Defendants.** | Civil Action No. 07-1577 (HHK/JMF) |

**MEMORANDUM ORDER**

Before the Court is plaintiff National Security Archive (the "Archive")'s Emergency Motion to Extend TRO/Preservation Order and for Depositions [#58] ("TRO"), which was referred to me on March 14, 2007, by Judge Henry H. Kennedy, Jr. for issuance of a Report and Recommendation.

The Archive seeks a temporary restraining order that, amongst other things, would require the Executive Office of the President ("EOP") to "immediately cease and desist any destruction or deletion of additional media in their possession or control, including, but not limited to, hard or external drives, CDs or DVDs, jump, zip, hard, or

floppy disks, and any other media that may contain emails or email data." [Proposed] Order [#58-3] at 2.

Issuance of such an order could have a significant effect on EOP.  The destruction or alteration of data within the "slack space" of a workstation's hard drive, from which e-mails may be retrievable, occurs every time that workstation is turned on or operated. Compliance with the Archive's proposed order would thus require EOP to quarantine every workstation within its control, bringing its daily operations to a halt.

It is nevertheless true that if e-mails have not been properly archived as plaintiffs allege, and copies of those e-mails do not exist on back-up tapes, then the obliteration of data upon which those e-mails may be reconstructed threatens the plaintiffs with irreparable harm.  Cf. Report and Recommendation [#11] (Oct. 19, 2007).  This appears to be the case for any e-mails that were not properly archived between March 2003 and October 2003, during which time no back-up tapes exist.  See Declaration of Theresa Payton [#48-2] at 6.  It would also be the case for any e-mails not properly archived between October 2003 and October 2005, to the extent that those e-mails are not, as plaintiffs allege, contained on the back-up tapes.

Preserving whatever remains of this data does not require the draconian measure proposed by the Archive; rather than quarantining each workstation, a "forensic copy"[1] of the data on that workstation can be created and preserved.  This method enables the continued use of the workstation, but is not without its costs.

Balancing those costs against the irreparable harm faced by the plaintiffs is

---

[1] See THE SEDONA CONFERENCE GLOSSARY (2d ed.) at 23 (defining "forensic copy" as "an exact copy of an entire physical storage media (hard drive, CD-ROM, DVD-ROM, tape, etc.), including all active and residual data and unallocated or slack space on the media."), available at http://www.thesedonaconference.org/dltForm?did=TSCGlossary_12_07.pdf.

necessary to assess the propriety of a temporary restraining order.  See Serono Labs, Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998) (balancing the following factors against each other: substantial likelihood of success on the merits, irreparable harm to plaintiffs absent injunctive relief, whether injunctive relief would substantially injure defendants, and whether the public interest would be furthered by injunctive relief).

Accordingly, it is **ORDERED** that EOP show cause in writing by the close of business on March 21, 2008, why it should not be ordered to create and preserve a forensic copy of any media[2] that has been used or is being used by any former or current employee who was employed at any time between March 2003 and October 2005.  Defendant's response must include an affidavit describing the costs that would be incurred and any other facts that would bear on the burden of such an obligation.  The Archive may respond thereto by the close of business on March 25, 2008.

**SO ORDERED.**

Date:   March 18, 2007                                   /s/
                                          JOHN M. FACCIOLA
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] See THE SEDONA CONFERENCE GLOSSARY (2d ed.) at 23 (defining "media" as an "object or device, such as a disc, tape, or other device, on which data is stored."), available at http://www.thesedonaconference.org/dltForm?did=TSCGlossary_12_07.pdf.