## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL SECURITY ARCHIVE, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

### *CONSENT* MOTION TO CLARIFY THE SCOPE OF THE NOVEMBER 12, 2007 ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### INTRODUCTION

EOP Defendants respectfully file their ***consent*** motion for clarification of the Court's November 12, 2007 Order to ensure that the Office of Administration may use disaster recovery back-up tapes for data recovery purposes – the very purposes for which the back-up tapes were created. As required by that Order (and as it had before entry of that Order), the Office of Administration has been preserving, and will continue to preserve, disaster recovery tapes "under

conditions that will permit their eventual use, if necessary, and . . . not transfer said media out of its custody or control without leave of this court." Or. [18] at 2. Out of an abundance of caution, however, the Office of Administration ("OA") seeks clarification that it may, consistent with the Order, continue to service its customers by recovering data from the disaster recovery back-up tapes as needed. In order to address the remote possibility of risk that arises from using disaster recovery back-up tapes for data restore projects, OA will make a copy of any disaster recovery back-up tape used in a data restore project, and OA will use that copy version of the back-up tape for the data restore project.[1]

Reading the Order more broadly than simply proscribing the recycling or destruction of the tapes would substantially frustrate OA's ability to support its EOP customers, including EOP entities subject to the Presidential Records Act (PRA) that are not parties to this suit. **Both plaintiffs NSA and CREW consent to EOP Defendants' Motion for Clarification.**

## ARGUMENT

OA provides "EOP components with unified enterprise services such as production support, application development and support, office automation, e-mail, disaster recovery back-up information, Continuity of Operations (COOP) support, and intranet capabilities," Decl. of Theresa Payton ¶ 4 (Jan. 15, 2008). In fulfilling these responsibilities, OA requires access to the disaster recovery back-up tapes, on an as-needed basis, to meet customer requests to recover files users have inadvertently deleted, such as Word or Excel documents; for user-requested

---

[1] In this consent motion OA agrees to make copies of the specific disaster recovery back-up tapes used in a data restore project, notwithstanding the attendant burdens. By making this agreement OA does not in any way concede that making a copy set of the entire universe of its disaster recovery back-up tapes is proper; indeed, OA would face enormous burdens in making a copy of all the disaster recovery back-up tapes in its possession or control.

restoration of Exchange calendar entries or contacts; and for disaster recovery of system, configuration and/or database information required to bring a system back online after an unplanned outage.

In weighing plaintiff CREW's "extremely narrow" request for relief, the Magistrate Judge recommended that OA be ordered to not recycle or destroy its backup tapes during the pendency of this litigation. See Report and Recommendation [11] at 2, 4-5 (recommending that a preservation order issue "to prevent the destruction of the backup media."). On November 12, 2007 the Court adopted the Magistrate Judge's recommendations and ordered preservation of the back-up tapes "under conditions that will permit their eventual use, if necessary . . . ." Or. [18] at 2.

Consistent with the Order, the Office of Administration has been preserving, and will continue to preserve, disaster recovery back-up tapes. As previously made clear to the Court and plaintiffs, OA halted its tape recycling process in October 2003. Out of an abundance of caution, OA has also suspended its data recovery activities pending clarification from the Court that it may satisfy customer requests when needed for the smooth and effective operations of the EOP. Consequently, OA has been frustrated in its ability to support its customers who may need mission critical files in order to carry out their duties to support, advise and assist the President.

It is well-settled that "[a]n injunction must be narrowly tailored to remedy the specific harm shown." Aviation Consumer Action Project v. Washburn, 535 F.2d 101, 108 (D.C. Cir. 1976). OA's reading of the Order, allowing it to continue supporting its customers, is fully consistent with the facts and circumstances in this litigation. It is also not without precedent. In Armstrong v. Bush, 807 F. Supp. 816, 823 (D.D.C. 1992), the Court similarly required

–3–

defendants "to preserve all the current and existing computer backup tapes in their custody," clarifying that defendants were "not to write-over, erase or destroy any of the information on the aforementioned tapes." Id. (emphasis added). The Office of Administration likewise seeks confirmation that it is not precluded from carrying out its important function of supporting its EOP component customers by using the tapes for data recovery on an as-needed basis. Id.; cf. McPeek v. Ashcroft, 202 F.R.D. 31, 33-34 (D.D.C. 2001) (contemplating use of back-up tapes during discovery process – notwithstanding preservation obligations – to search for relevant evidence); The Sedona Conference Glossary (2d ed. 2007) at 41 (defining "preservation" as "the process of ensuring retention and protection from destruction or deletion all potentially relevant evidence"), available at http://www.thesedonaconference.org/dltForm?did=TSCGlossary_12_07.pdf (last visited March 28, 2008). And as in Armstrong, OA would continue not to "write-over, erase, or destroy any information" on the disaster recovery tapes, but to preserve them.

    Ensuring that the Order does not reach data recovery use of the disaster recovery tapes when necessary for OA to support its EOP customers would serve "as an important safeguard against unnecessary intrusion into the operation of the Office of the President," while nonetheless fully addressing the concerns underlying the Court's Order. Cf. Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 385 (2004) (counseling particular deference in discovery setting to the Executive Branch given the "[t]he high respect that is owed to the office of the Chief Executive"). Any contrary construction, prohibiting OA from using disaster recovery tapes to recover data as needed for the fulfillment of responsibilities

within the EOP could have a "significant effect on EOP." <u>Cf.</u> Or. [62] at 2 (recognizing burdens could bring "daily operations to a halt").

Accordingly, the EOP Defendants respectfully request that the Court clarify its November 12, 2007 Order to make express that data recovery use is permissible. Pursuant to Local Civil Rule 7(m), counsel for the EOP Defendants have consulted with plaintiffs' counsel, who have indicated that they consent to this motion.[2]

//

//

//

//

//

//

_____

[2] NSA's counsel also requested that OA maintain a log of any tapes that are copied and used for data restore projects, and represented that NSA would not seek a copy of the log now, though counsel for both NSA and CREW explained that they reserved the right to request a copy of the log in the future, if they deem it necessary. In filing this consent motion, OA has agreed to maintain a log identifying which disaster recovery back-up tapes are copied and used for data recovery purposes, including the date(s) that any copies were created. By maintaining a log of the tapes that are copied and used for data restore projects, OA does not agree that NSA, CREW, or any other entity would be entitled to review, access or obtain a copy of the log, or that the log would be available for any discovery; and specifically reserves all its objections in this regard.

**CONCLUSION**

For the reasons set forth above, the Court should clarify that its November 12, 2007

Order [18] does not prohibit the Office of Administration from using the disaster recovery back-

up tapes for data recovery purposes.

Respectfully submitted this 17th day of April, 2008.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

/s/ Helen H. Hong
HELEN H. HONG (CA SBN 235635)
TAMRA T. MOORE (DC 488392)
Trial Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 883, 20 Massachusetts Ave., NW
Washington, D.C. 20044
Telephone: (202) 514-5838
Fax: (202) 616-8460
helen.hong@usdoj.gov

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17th, 2008, a true and correct copy of the foregoing Consent Motion to Clarify the Scope of the November 12, 2007 Order and Memorandum of Points and Authorities in Support Thereof was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

/s/ Helen H. Hong
HELEN H. HONG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No: 1:07-cv-01707 (HHK/JMF) <br> ) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |
| NATIONAL SECURITY ARCHIVE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No: 1:07-cv-01577 (HHK/JMF) <br> ) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**[PROPOSED] ORDER GRANTING CONSENT MOTION TO CLARIFY**
**THE SCOPE OF THE NOVEMBER 12, 2007 ORDER**

Upon consideration of the Consent Motion filed by the EOP Defendants and the

arguments made therein, it is hereby

ORDERED that EOP Defendants' Consent Motion to Clarify the Scope of the

November 12, 2007 Order be, and hereby is, GRANTED.

//

//

As set forth in the Consent Motion, the November 12, 2007 Order shall not be construed to prohibit the Office of Administration from creating copies of any disaster recovery back-up tapes required for data recovery projects, and to use those copies for data recovery purposes.

Dated this _____ day of _____, 2008.

_____
HONORABLE HENRY H. KENNEDY
United States District Court Judge