IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE,    )<br>                                                            )<br>            Plaintiff,                              )<br>                                                            )<br>    v.                                                  )<br>                                                            )<br>EXECUTIVE OFFICE OF THE      )<br>PRESIDENT, *et al.*,                       )<br>                                                            )<br>            Defendants.                        )<br>_____) | Civil Action No. 07-1577 (HKK/JMF)<br><br>(Consolidated with<br>Civil Action No. 07-1707 (HKK/JMF)) |

### <u>LIMITED OBJECTION TO THE MAGISTRATE JUDGE'S PROPOSED FINDING AND RECOMMENDATION DENYING PLAINTIFF NSA'S REQUEST FOR DEPOSITIONS</u>

Plaintiff National Security Archive (the "Archive") agrees with the findings and recommendations in Magistrate Judge Facciola's April 24, 2008 Memorandum Order and First Report and Recommendation ("April 24 Report") [Docket # 67] with the exception of the recommendation that court-supervised depositions be denied. April 24 Report at 8-9. With respect to that recommendation, the Archive respectfully submits this limited objection pursuant to Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.3(b).

This matter was referred [59] to the Magistrate Judge for a report and recommendation, and this Court's review of objections to the April 24 Report is *de novo*. Fed. R. Civ. P. 72(b)(2),(3); LCvR 72.3(c); *Page v. Pension Benefit Guar. Corp.*, 498 F.Supp. 2d 223, 225 (D.D.C.). The Magistrate Judge's recommendation to deny the depositions sought by the Archive was based, *inter alia*, on the presupposition that Defendant EOP would, as ordered, provide adequate information regarding the back-up tapes "once and for all," April 24 Report at 8, which the Magistrate Judge would then consider in determining whether to additionally recommend the imaging of workstations to accomplish the correctly stated goal of "preserving

the *res*."[1] *Id.* at 9. Specifically, the Magistrate Judge ordered EOP to inform the Court "whether all back-up tapes created between March 2003 and October 2003 have been preserved – and, to the extent that they have not, to state the specific dates within that period for which no back-up tapes exist." *Id.* at 8. He then concluded that with Defendant EOP's answers to these questions, as well as the information already provided by the parties and his recommendations, this Court could issue an order that would adequately preserve the *res* without the need for depositions.

After the Magistrate Judge issued his April 24 Report and order, however, Defendant EOP *again* failed to provide this Court with the information sought regarding the back-up tapes. In its response, Defendant EOP stated that it is preserving 438 tapes from the March – October 2003 period and stated the earliest and latest date for which there is a tape. Defendants' Responses to and Request for Reconsideration of the First Report and Recommendation [69] at 20. Defendant EOP's response did not, as ordered by the Magistrate Judge, inform the Court whether or not the 438 tapes represent *all* of the back-up tapes created during that period, and it did not identify the specific dates within that period for which no tapes exist. Thus, the factual underpinning for the Magistrate Judge's recommendation that depositions be denied has dissolved and the need for depositions remains.[2]

Furthermore, in his April 24 Report, the Magistrate Judge cited to *Disability Rights Council of Greater Washington v. WMATA*, 234 F.R.D. 4 (D.D.C. 2006) (Facciola, J.), for the standard on motions for expedited discovery. April 24 Report at 9. *Disability Rights Council*,

---

[1] The April 24 Report recommends an order directing Defendant EOP to issue a Preservation Notice and preserve .PST files regardless of EOP's response to the additional questions regarding the back-up tapes.

[2] The Archive will provide a detailed opposition to Defendants' objections to the April 24 Report within the time allotted under LCvR 72.3(b) and LCvR 7(b). Though Defendants style their objection as a "Motion for Reconsideration," directed at the Magistrate Judge, the Federal and Local Rules dictate that it be treated as an objection to the April 24 Report, to be considered by Judge Kennedy. *See id.; Sloan v. HUD*, 196 F.Supp. 2d 16, 17 n.1 (D.D.C. 2002).

2

which rejected the more stringent *Notaro* test, considered "the reasonableness of the request in light of the entire record to date and all of the surrounding circumstances." *Id.* at 6. By its nature, this test requires that courts reassess the reasonableness of a request when there are changes in the record and circumstances.[3] Indeed, the need for expedited discovery may emerge during the course of a case based on new developments, *Dimension Data North Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005), and the EOP's subsequent failure to answer the Magistrate Judge's April 24th questions is a new and significant development. A denial by the Court of any of the April 24th preservation recommendations would be as well.

Should this Court decide not to adopt in full the Magistrate Judge's findings and recommendations that EOP issue a Preservation Notice, *see* April 24 Report at 6-7, search and preserve .PST files from workstations, *see id.* at 4-6, and preserve workstations through forensic imaging, *see id.* at 2-4, then the Archive objects to the recommended denial of court-supervised depositions. Alternatively, the Archive requests that the Court conduct a hearing calling Ms. Payton as a witness to answer the back-up tape questions prior to issuing any order denying the imaging of workstations. *See* Fed. R. Civ. P. 72(b)(3) (district judge may "conduct a new hearing, receive further evidence, and recall witnesses" when considering whether to make a determination on those portions of a magistrate's report objected to based solely on the record); LCvR 72.3(b) (same); *Aikens v. Shalala*, 956 F.Supp. 14, 19 (D.D.C. 1997).

---

[3] Moreover, the sweeping expedited discovery sought in *Disability Rights Council* was denied because it was overly broad and because "plaintiffs are not seeking discovery to gain evidence to get the court to preserve the status quo." *Id.* at 7. Here, the discovery sought is limited, is proposed to be conducted with the supervision of a judge, seeks only to ensure preservation of the *res* pending adjudication on the merits, and seeks to elicit information that the Magistrate Judge has repeatedly sought to extract from Defendants. The Archive has already produced evidence that the disaster recovery tapes do not contain all of the missing emails, and the recently submitted Third Declaration of Theresa Payton confirms that there are at least 84 days between March and October 2003 for which no back-up tapes exist. *See* Memorandum in Support of Emergency Motion to Extend TRO/Preservation Order and For Depositions [58]; Reply on March 18, 2008 Order to Show Cause [65]; and Third Declaration of Theresa Payton [69-2], respectively.

## CONCLUSION

For the foregoing reasons, and those cited in the April 24 Report, the Archive objects to the recommendation that court-supervised depositions be denied, and, alternatively, respectfully requests that the Court conduct a hearing calling Ms. Payton as a witness to answer the Court's back-up tape questions prior to issuing any order denying the imaging of workstations.

Respectfully Submitted,

DATED: May 8, 2008

*Attorneys for Plaintiff The National Security Archive*

 /s/ Sheila L. Shadmand
JOHN B. WILLIAMS (D.C. Bar No. 257667)
SHEILA L. SHADMAND (D.C. Bar No. 465842)
THOMAS A. BEDNAR (D.C. Bar No. 493640)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
202.879.3939

MEREDITH FUCHS (D.C. Bar No. 450325)
THE NATIONAL SECURITY ARCHIVE
The Gelman Library
2130 H Street, N.W., Suite 701
Washington, D.C., 20037
202.994.7059

## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of May, 2008, I caused a copy of the foregoing Limited Objection to the Magistrate Judge's Proposed Finding and Recommendation Denying Plaintiff NSA's Request for Deposition to be served electronically by the United States District Court for the District of Columbia's Electronic Case Filing ("ECF") and that this document is available on the ECF system.

/s/ Sheila L. Shadmand
Sheila L. Shadmand