**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY ) <br> AND ETHICS IN WASHINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE OFFICE OF THE ) <br> PRESIDENT, et al., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| NATIONAL SECURITY ARCHIVE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE OFFICE OF THE ) <br> PRESIDENT, et al., ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |

**DEFENDANTS' RESPONSE TO NSA'S LIMITED OBJECTION TO
THE MAGISTRATE JUDGE'S PROPOSED FINDING AND RECOMMENDATION
DENYING PLAINTIFF NSA'S REQUEST FOR DEPOSITIONS**

The Magistrate Judge appropriately rejected NSA's request to conduct the far-reaching depositions of the Chief Information Officer for the Office of Administration, a "current or former employee that OA can produce as a competent witness," and a National Archives and Records Administration witness. See NSA's Mem. of P.&A. in Support of Emergency Mot. to Extend TRO/Preservation Or. & for Deps. [58-2] at 16 ("NSA's Emerg. Mot."). As the defendants established in their opposition to the request for depositions, see Opp'n to Mot. to

Extend TRO [60] at 3-6; Opp'n to Mot. for Or. to Show Cause [61] at 15-18, incorporated in full here, NSA's emergency application for expedited discovery rests on inaccurate and unfounded claims of inconsistency between statements in the first Declaration of Theresa Payton and testimony elicited at the February 26, 2008 hearing before House of Representatives Committee on Government Oversight and Reform.  Inconsistencies simply do not exist to support NSA's effort to conduct burdensome deposition discovery.

Significantly, too, as explained by the Magistrate Judge, any "purported 'contradictions'" in the declaration "have no bearing" on the emergency relief otherwise requested to expand the contours of the November 12, 2007 injunctive order.[1]  Opp'n to Mot. to Extend TRO [60] at 7; see also In re Fannie Mae Derivative Lit., 227 F.R.D. 142, 143 (D.D.C. 2005) (rejecting expedited discovery requests that "appear to be a thinly veiled attempt to circumvent the normal litigation process").  NSA seeks to conduct merits discovery, for example, on the adequacy of an email archiving process and the timing of the Office of Administration's investigations into the email archiving process.  See, e.g., EOP Defs.' Opp'n to NSA's Emergency Mot. [60] at 7; Mem. Or. and First Report and Recommendation [67] at 9 (Apr. 24, 2008) ("First Report").  As

---

[1]      NSA brought its request for depositions through an application for a temporary restraining order.  See NSA's Emerg. Mot. [58-1].  EOP defendants established that NSA could not meet its burden under the four-factor test mandated by the D.C. Circuit.  See Defs.' Opp'n to NSA's Emergency Mot. [60] at 3.  Even construed as a motion for expedited discovery, however, NSA's request must be rejected.  Because NSA's purported need for discovery – to clarify alleged contradictions on the merits of its claims – is unrelated to its request to expand the preliminary injunction order, its discovery demands must be judged under the more strict Notaro test for expedited discovery.  The court did not in Disability Rights Council of Greater Washington v. WMATA, 234 F.R.D. 4 (D.D.C. 2006), as plaintiffs suggest, "reject the more stringent Notaro test" in favor of a reasonableness test where discovery requests are unrelated to a motion for preliminary injunction.  NSA's Limited Obj. [3] at 3; see also Defs.' Consolidated Opp'n to Pls.' Mot. for Leave to Conduct Expedited Discovery [16] at 16-20.  "Judged by either standard," however, NSA is not entitled to discovery.  First Report at 9.

such, the Magistrate Judge properly concluded that he "cannot recommend the taking of the depositions sought," because the Court has sufficient information to assure itself that it may provide effective relief, if warranted, later. See First Report at 9 ("The central focus a[t] this point is preserving the *res*; coupled with the [Nov. 12, 2007] Order, this can be accomplished . . . based on the *information already provided by the parties in their many briefs*, the recommendations made here, and any future recommendation that I make[.]") (emphasis added).

The Magistrate Judge's recommendation to deny depositions is consistent with the well-established practice of staying all discovery during the pendency of a dispositive motion. See, e.g., Patterson v. United States, 901 F.2d 927, 929 (11th Cir. 1990) (holding that a district court did not abuse its discretion in entering protective order prohibiting discovery pending determination of motion to dismiss or for summary judgment); Klingschmitt v. Winter, Civ. No. 06-1832, Slip. Or. (D.D.C. Feb. 28, 2007) (HHK) (granting motion for protective order to stay discovery during pendency of motion to dismiss). This is particularly true where a plaintiff seeks, as NSA does here, discovery from the Executive Branch that could be obviated by a pending jurisdictional motion. See, e.g., Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 385 (2004) ("The high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery.") (quoting Clinton v. Jones, 520 U.S. 681, 707 (1997)). "[J]urisdiction is power to declare the law," and without it, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). Defendants' currently pending motion to dismiss on jurisdictional grounds

supports, and in fact compels, the Magistrate Judge's recommendation that permitting depositions would be unwarranted and intrusive.[2]

Nothing in NSA's Limited Objection to the Magistrate Judge's Proposed Finding and Recommendation alters the conclusion that NSA's requested depositions (or compelled hearing testimony) are impermissible under controlling law.[3]  As the Magistrate Judge explained, this Court has the necessary facts and law before it to assure itself that it may provide effective relief on the merits, if warranted, in the future, without any need to impose the significant burdens associated with expedited discovery.  See First Report at 8-9.  The court-ordered preservation of an approximately 60,000 (and growing) cache of disaster recovery back-up tapes fully resolves any question about the Court's ability to order effective relief.  See generally EOP Defs.' LCvR 72.3(b) Objections to First Report [72].

---

[2]   Similarly, as defendants explained in their consolidated opposition to plaintiffs' motion for expedited discovery, plaintiffs' claims arise under the APA and are therefore generally limited to record review.  Accordingly, it would serve no purpose to permit plaintiff to seek discovery of additional extra-record materials now.  For this reason, courts generally refuse to permit discovery to proceed in actions brought under the APA.  See Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998) (the APA "limits review to the administrative record, except where there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review") (internal quotation and citations omitted); see also Trudeau v. FTC, 384 F. Supp. 2d 281, 293-94 (D.D.C. 2005), aff'd, 456 F.3d 178 (D.C. Cir. 2006).

[3]   The scope of NSA's "limited" objection is unclear.  Although NSA purportedly pursues "court-supervised depositions," NSA does not identify the parties it seeks to depose or what topics from its original motion it continues to seek to explore.  See NSA's Limited Obj, at 1, 4.  Under Local Civil Rule 72.3(b), NSA bears the burden of "specifically identify[ing] the portions of the proposed findings and recommendations to which objection is made and the basis for the objection," or risk waiving those objections.  LCvR 72.3(b).  Although NSA does not provide specific objections and bases for objections covering the subjects and persons it sought to depose in the original motion, defendants incorporate their responses to those requests in full here.

Nonetheless, NSA contends that the EOP defendants' alleged "failure to answer the Magistrate Judge's April 24th questions is a new and significant development" supporting its need for expedited discovery.[4]  NSA's Limited Obj. at 3.  That alleged failure to answer the questions is simply not so.  EOP defendants responded with a six-page *Third* Declaration of Theresa Payton and a 21-page filing, in relevant part (1) explaining that the disaster recovery back-up tapes obviate any claim of harm; and (2) identifying 438 disaster recovery back-up tapes under preservation for the March 2003 to October 2003 time period.  See EOP Defs.' Response and Request for Reconsideration [69].  No deposition testimony is thus necessary or appropriate to assess the propriety of expanding the November 12, 2007 order.  Nor would NSA's sweeping demands for deposition testimony on the broad topics set forth in its motion shed light on the issues addressed in the Third Declaration.  A deposition or compelled hearing testimony would not identify, for example, "the specific dates within that period for which no tapes exist" as NSA seeks to develop, because the EOP defendants already explained that "the burden associated with providing the court more detailed information regarding the content of the 438 tapes is extraordinary."  Third Declaration of Theresa Payton [69] ¶¶ 13-14.

Finally, even if the Court rejects the Magistrate Judge's recommendation to expand the November 12, 2007 Order, discovery is not warranted as NSA contends.  See NSA's Limited Obj. at 3.  EOP defendants explained in their Local Rule 72.3(b) objections [72] that the status

---

[4]   NSA cites Dimension Data North Am., Inc. v. Netstar-1, Inc., 226 F.R.D. 528 (E.D.N.C. 2005) as support for its proposition that new developments may support *continuing* requests for expedited discovery.  Dimension Data nowhere provides that moving targets for relief are appropriate, as plaintiff argues here.  In Dimension Data, the court denied a motion for expedited discovery, stating simply that future motions could be filed and entertained if the circumstances warranted.

quo maintained through court-ordered preservation of "media, no matter how described, presently in [defendants'] possess[ion], or under their custody or control, that were created with the intention of preserving data in the event of its inadvertent destruction" fully resolves any question about the Court's ability to provide effective relief.  Or. [18] at 2.  No deposition testimony is necessary – or permissible – to affirm that conclusion.

//

//

//

//

//

//

//

//

## **CONCLUSION**

For the reasons set forth above, this Court should reject NSA's objection [71] to the Magistrate Judge's recommendation to deny expedited discovery and to deny NSA's request for a hearing calling Ms. Payton as a witness. No expedited discovery or compulsion to attend a hearing is appropriate.

Respectfully submitted this 19th day of May, 2008.

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

/s/ Helen H. Hong
HELEN H. HONG (CA SBN 235635)
TAMRA T. MOORE (DC 488392)
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box 883, 20 Massachusetts Ave., NW
Washington, D.C.  20044
Telephone: (202) 514-5838
Fax: (202) 616-8460
helen.hong@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 19, 2008, a true and correct copy of the foregoing Defendants' Response to NSA's Limited Objection to the Magistrate Judge's Proposed Finding and Recommendation Denying Plaintiff NSA's Request for Depositions was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                                          /s/ Helen H. Hong
                                                          HELEN H. HONG