UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>    Defendants. | Civil No. 07-01707 (HHK/JMF) |
| NATIONAL SECURITY ARCHIVE,<br><br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, et al.,<br><br>    Defendants. | Civil No. 07-01577 (HHK) |

**PLAINTIFF CREW'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

On June 17, 2008, defendants filed a notice of supplemental authority with this Court regarding the recently issued decision in CREW v. Office of Administration, Civ. No. 07-964 (CKK) (D.D.C. June 16, 2008). In response, CREW notes as follows:

On June 16, 2008, the date that the opinion and order issued in CREW v. Office of Administration, CREW filed a notice of appeal. In addition, CREW has sought from the district court a stay pending appeal (attached as Exhibit 1) that would require the Office of Administration ("OA") to retain all documents potentially responsive to CREW's Freedom of Information Act ("FOIA") requests at issue in that litigation pending the outcome of the appeal.

By Minute Order dated June 20, 2008 (attached as Exhibit 2), the district court set an expedited briefing schedule and ordered OA to retain all documents subject to CREW's FOIA action pending the court's resolution of CREW's motion for a stay.

Finally, CREW notes that the issue in <u>CREW v. Office of Administration</u> is whether OA is an agency under the FOIA and must therefore respond to CREW's requests for documents created and assembled by OA in the fulfillment of its responsibilities. As set forth in CREW's complaint, OA is sued here because "OA has possession and control of back-up tapes containing many of the deleted records at issue in this case." Complaint, ¶ 10. Those backup tapes contain "federal record and presidential record e-mails . . .in commingled form that were copies from White House servers serving "[a]ll components of the White House . . ." Id. at ¶ 33.

                                              Respectfully submitted,

                                              _____/s/_____
                                              Anne L. Weismann
                                              (D.C. Bar No. 298190)
                                              Melanie Sloan
                                              (D.C. Bar No. 434584)
                                              Citizens for Responsibility and Ethics
                                                 in Washington
                                              1400 Eye Street, N.W., Suite 450
                                              Washington, D.C. 20530
                                              Phone: (202) 408-5565
                                              Fax: (202) 588-5020

                                              Attorneys for Plaintiff CREW

Dated: June 24, 2008

# EXHIBIT 1

Case 1:07-cv-01707-HHK-JMF   Document 79-2   Filed 06/24/2008   Page 1 of 18

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF ADMINISTRATION,<br><br>Defendant. | Civil No. 07-0964 (CKK) |

**PLAINTIFF'S MOTION FOR STAY PENDING APPEAL**

Plaintiff, by its undersigned counsel, hereby respectfully moves that the Court stay its Order of June 16, 2008, to require defendant to retain all documents potentially responsive to CREW's two Freedom of Information Act requests at issue pending the resolution of plaintiff's appeal. The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion for Stay Pending Appeal.

In accordance with Local Rule 7(m), undersigned counsel for the plaintiff has conferred with counsel for the defendant regarding the relief sought in this motion, and counsel stated that defendant opposes this motion.

Respectfully submitted,

\_\_\_\_\_/s/_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Telephone: 202-408-5565

                                      Fax:  202-588-5020

June 20, 2008                              Attorneys for plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF ADMINISTRATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil No. 07-0964 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR STAY PENDING APPEAL**

**STATEMENT**

On June 16, 2008, the date this Court issued its Order and Memorandum Opinion granting defendant's motion to dismiss on the ground that it is not an agency subject to the Freedom of Information Act ("FOIA"), plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") filed its notice of appeal (Docket No. 55). CREW seeks appellate review of this Order, which places beyond the public's reach a large volume of significant documents that would shed light on the degree to which the Administration has outright violated, if not ignored, its record keeping obligations under the Federal Records Act ("FRA") and the Presidential Records Act ("PRA"), because CREW believes as a matter of law the Office of Administration ("OA") is an agency.

Separate and apart from the merits of CREW's appeal, the timing of that appeal and the upcoming presidential transition raise a serious issue of whether, absent a partial stay of the Court's Order, CREW can receive full and adequate relief should it ultimately prevail. As a consequence of the Court's ruling, OA will now treat the documents CREW seeks as

presidential, not federal, records subject to the PRA. Under the terms of that statute, upon the conclusion of President Bush's term of office, the Archivist "assume[s] responsibility for the custody, control, and preservation of, and access to, the Presidential records of that President." 44 U.S.C. § 2203(f)(1). Thereafter, all such records will not be available to the public for at least five years, 44 U.S.C. § 2204(b)(2)(A), and public access may be restricted for up to 12 years, 44 U.S.C. § 2204(a). Moreover, before his term ends, President Bush would suffer no legal consequences if he destroys any of the responsive documents, and CREW and the public would have no legal remedy should that happen. By contrast, if OA is an agency subject to the FOIA -- as CREW believes to be the case -- its records are available immediately under the FOIA, remain under the custody and control of OA at the conclusion of this administration, and must be preserved pursuant to both the FRA and the FOIA. Thus, absent a stay, CREW faces irreparable harm should CREW win its appeal after the presidential transition has occurred.

By contrast, a stay simply requiring OA to maintain the status quo by preserving and retaining all documents potentially responsive to CREW's request would not harm the defendant and would best serve the public interest safeguarded by the FOIA. Under the terms of the stay CREW seeks, OA would be required simply to retain all of the documents potentially responsive to CREW's request, an obligation it has already been subject to since the inception of this lawsuit. To be clear, CREW does not seek an order requiring OA to further process CREW's FOIA request, to release to CREW any documents, or to otherwise act affirmatively on CREW's FOIA requests.

Finally, the merits of CREW's legal arguments support a stay. As this Court has already recognized, the question presented here "is a close one," "not easily resolved by reference to the limited body of D.C. Circuit case law," particularly since OA functions differently "from the EOP components previously considered by the D.C. Circuit." Memorandum Opinion, June 16, 2008, at p. 2 ("Mem. Op."). Under these circumstances, at the very least CREW's appeal presents a "serious legal question" that, when combined with the "little if any harm" that will befall the government from a stay and the injury to CREW if a stay is denied amply justify the relief CREW now seeks. Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1997) ("Holiday Tours").

## ARGUMENT

CREW's entitlement to a stay pending appeal rests on showing: (1) its likelihood of prevailing on the merits of its appeal; (2) that it will suffer irreparable injury absent the stay; (3) that the defendant will not be harmed by the issuance of a stay; and (4) that the public interest will be served by a stay. U.S. v. Philip Morris, Inc., 314 F.3d 612, 617 (D.C. Cir. 2003), *citing* Holiday Tours, 559 F.2d at 843. CREW need not meet each of these factors; "[t]he test is a flexible one [and] [i]njunctive relief may be granted with either a high likelihood of success and some injury, or *vice versa*." Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985). Moreover, CREW need not establish "an absolute certainty of success." Instead "[i]t will ordinarily be enough that the plaintiff has raised serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation . . ." Population Inst. v. McPherson, 797 F.2d 1062, 1078 (D.C. Cir. 1986), *quoting* Holiday Tours, 559 F.2d at 844. Under these standards a stay pending appeal is warranted here.

3

## I. CREW Faces Irreparable Harm Absent A Stay.

As a direct result of the Court's Order, which significantly changes the status quo, CREW faces irreparable harm. Until this ruling, OA was required by law and the pendency of this lawsuit to retain all documents potentially responsive to CREW's two FOIA requests. See, e.g., Jefferson v. Reno, 123 F.Supp.2d 1, 5 (D.D.C. 2000) (court referred Assistant United States Attorney to the Department of Justice's Office of Professional Responsibility for destroying documents subject to a FOIA request while litigation over request was pending); U.S. ex rel. Miller v. Holzmann, No. 95-1231, 2007 U.S. Dist. LEXIS 21681 (D.D.C. March 9, 2007) (agency subject to sanctions for its destruction of records collected in response to FOIA request that were deemed non-responsive). Moreover, OA had been retaining the responsive documents as federal records subject to the FOIA since their creation in late 2005 and early 2006. As a consequence, the documents were also subject to the FRA which meant, among other things, that they would not automatically be transferred to the Archivist at the conclusion of the Bush administration, and thereafter subject to the Archivist's exclusive possession, custody and control.

Now, however, all that has changed. The Court's conclusion that OA is not an agency subject to the FOIA means that OA will treat the documents CREW seeks as presidential and subject to the PRA. Armstrong v. Exec. Off. of the President, 90 F.3d 553, 556 (D.C. Cir. 1991) (record cannot be subject to both the PRA and the FRA). As a result, the president now has unreviewable discretion to determine whether or not to retain the documents responsive to CREW's request. Armstrong v. Bush, 924 F.2d 282, 290 (D.C. Cir. 1991) (president's implementation of PRA not subject to judicial review).

4

Thus, even if the president decides to dispose of these records in contravention of the PRA and without complying with the PRA's requirement that he first obtain the views of the Archivist, 44 U.S.C. § 2203(c)(1), there is nothing either the courts or the Archivist can do. Armstrong v. Bush, 924 F.2d. at 290. The history of this administration, which includes the still unexplained disappearance of millions of emails that cover an especially significant period of our nation's history, makes this more than a mere possibility.

While OA's counsel has advised CREW that "OA will continue to preserve potentially responsive records in its custody and control until it transfers its records under the PRA," OA has refused to commit this assurance "to a stipulation or other writing for submission to the court." Email from Jean Lin to Anne Weismann, June 20, 2008 (attached as Exhibit 1). But absent a written assurance, CREW has no recourse if OA -- either on its own initiative or at the direction of the White House -- changes its mind. Under comparable circumstances in CREW v. Executive Off. of the President, Civil No. 07-1707 (HHK/JMF), Judge Henry H. Kennedy, Jr. adopted the recommendation of Magistrate Judge Facciola that the court enter a temporary restraining order requiring the EOP to maintain backup copies of the missing emails pending litigation, rather than simply accept a stipulation or declaration from the White House. As Judge Facciola reasoned,

> [w]hile stipulations entered into between parties can save time
> and money, there is no obligation upon a party to accept one . . .
> [and] a declaration does not have the force of an order. Unlike
> a court order, a declaration is not punishable by contempt. In
> other words, without such an order, destruction of the backup
> media would be without consequence. As a result, CREW
> would remain threatened with irreparable harm.

Report and Recommendation at pp. 2-3 (Oct. 18, 2007) (attached as Exhibit 2). CREW faces the

5

same threat here, absent a court order mandating the preservation of all records potentially responsive to CREW's requests.

Of equal concern is the fact that in just seven months when this administration ends, the records at issue will automatically be transferred to the exclusive custody and control of the Archivist, 44 U.S.C. § 2203(f)(1), and will not be available to the public for at least five years and possibly not for 12 or more years. 44 U.S.C. § 2204(a). It is far from clear what, if any, relief the Court could issue at that point that would preserve CREW's right to the requested documents in the event CREW succeeds on its appeal.

These consequences, all of which flow from the Court's Order, threaten to irrevocably destroy the status quo and thereby satisfy CREW's burden of demonstrating irreparable harm absent a stay. See, e.g., Providence Journal Co. v. FBI, 595 F.2d 889, 890 (1st Cir. 1979) (irreparable harm exists where the failure to enter a stay will irrevocably destroy the status quo). If the White House either fails to maintain the records CREW seeks or is required to transfer them out of OA's custody and control under the PRA, CREW will be unable to obtain any relief should it ultimately prevail on its appeal.[1]

In comparable circumstances under the FOIA courts have readily concluded that a stay pending appeal should issue to avoid effectively mooting any appeal. See, e.g., Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice, 217 F.Supp.2d 58, 59; citing Population Inst., 797 F.2d at 1078; N. Jersey Medical Group, Inc. v. Ashcroft, 122 S.Ct. 2655 (2002); Am. Civil Liberties Union v. County of Hudson, 799 A.2d 629 (N.J. Super. Ct. App. Div.), cert. denied (N.J. July 9,

---

[1] CREW intends to seek expedition of its appeal in the hope that the D.C. Circuit will decide the appeal prior to the close of this administration and thereby avoid these problems.

6

2002); Rosenfeld v. U.S. Dep't of Justice, 501 U.S. 1227 (1991). Cf. Armstrong v. Exec. Off. of the President, No. 89-4112, 1993 U.S. Dist. LEXIS 356, *10-12 (Jan. 14, 1993) (denying government's motion for stay of district court order that required defendants to preserve their electronic federal records pending their appeal).

Nevertheless, OA through its counsel has indicated it opposes any request that OA retain all potentially responsive records pending the outcome of CREW's appeal and post-transition to a new president, based in part on the belief that should CREW prevail, the records would automatically be returned to OA. This outcome, however, is far from clear.

First, OA's counsel could point to no precedent, and CREW knows of none, supporting OA's belief that the records would automatically be returned to OA should CREW prevail on its appeal. Under the PRA, once the records are transferred to the National Archives and Records Administration ("NARA"), the Archivist assume[s] responsibility for the custody, control, and preservation of, and access to" the records. 44 U.S.C. § 2203(f)(1). In other words, at the end of this administration OA will no longer have custody, control or access to the records and, accordingly, no ability to direct their return. Moreover, neither NARA nor the Archivist is a party to this litigation. Accordingly, it is pure speculation what, if anything, the Archivist would do should CREW prevail on its appeal. One thing, however, is not a matter of speculation -- as non-parties, NARA and the Archivist cannot properly be the subject of a court order mandating or, at the least facilitating, the records' return.

Second, there is a serious concern about whether the Archivist will be able to even locate the documents CREW is seeking once they have been transferred to NARA. At the end of this administration, the White House will be transferring an enormous volume of presidential

7

materials to the Archivist, of which the records at issue here will be only an exceedingly small part. It is CREW's understanding that it typically takes the Archivist and his staff many years to sort through and catalogue a president's papers, and that time has increased exponentially with each president given the ever-expanding volume of presidential records created by recent presidential administrations. The speculation that the Archivist will be able to readily locate and return to OA all documents potentially responsive to CREW's request is unsound.

In this respect, the Court is in unchartered waters. To CREW's knowledge, no court has yet faced the situation looming here: an upcoming transition that will have the effect of placing beyond the parties' and the Court's control the records that are at issue. Unfounded assumptions that the situation will magically sort itself out in CREW's favor should not be a substitute for a Court order that ensures CREW's ability to get full relief should it prevail on its appeal.

## II. A Stay Serves, Not Harms, The Public Interest And Would Cause Defendant No Harm.

By contrast to the unmistakeable harm CREW faces absent a stay, the defendant would suffer no harm whatsoever. CREW seeks a stay that maintains the status quo by requiring the OA to retain all potentially responsive documents pending the outcome of CREW's appeal. CREW does not seek to impose any additional burdens or obligations on OA. The immediate relief that CREW seeks will require nothing more of OA than what the law already mandates -- preservation of all requested records pending the D.C. Circuit's resolution of CREW's appeal. See Judicial Watch v. U.S. Dep't of Commerce, 34 F.Supp.2d 28, 42-43 (D.D.C. 1998). As in Armstrong v. Bush, an order requiring document preservation under these circumstances is appropriate "where the parties dispute the adequacy of the government's record keeping procedures and disagree whether records are covered by the [Presidential Records Act]."

8

Armstrong v. Bush, 807 F.Supp. 816, 823 (D.D.C. 1992); *see also* American Friends Service Committee v. Webster, 485 F.Supp. 222 (D.D.C. (1980). In short, requiring the government to comply with the law cannot properly be characterized as a burden.

Moreover, a stay best serves the public interest. The FOIA was enacted "to ensure an informed citizenry, vital to the functioning of a democratic society." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). As the Supreme Court has stressed, "FOIA is often explained as a means for citizens to know 'what the Government is up to.' This phrase should not be dismissed as a convenient formalism. *It defines a structural necessity in a real democracy.*" Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 171-72 (2004) (citation omitted) (emphasis added). CREW's requests, which are intended to shed light on a matter of great public concern, unquestionably serve the public interest. As a necessary corollary, denying CREW the ability to obtain the requested records by denying the stay would cause irreparable harm to the public interest.

Under these circumstances, "[a]n order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant." Holiday Tours, 559 F.2d at a844. Here, there is simply no harm to balance against the demonstrable harm CREW will suffer if the Court denies the requested stay.

### III. CREW Is Likely To Prevail On The Merits Of Its Appeal.

This Court's Opinion and Order expressly recognize the serious legal issue that the case presents, one that is not "easily resolved by reference to the limited body of D.C. Circuit case law addressing the agency status of units within the EOP." Mem. Op. at 2. This alone satisfies

the showing that CREW must make in support of its requested stay.

Beyond that, CREW respectfully submits that it is likely to prevail on the merits of its appeal. This Court placed almost exclusive reliance on its conclusions that OA exercises no substantial authority independently of the president and "serves solely to assist and advise the President." Mem. Op. at 30. To reach these conclusions, however, the Court ignored or failed to adequately evaluate the wealth of evidence demonstrating the significant degree to which OA acts independently of the president. While OA did not identify a single decision OA made or a single act OA took as a result of the express and direct authorization from the President, CREW presented evidence of the magnitude of actions and decisions OA undertakes every day without any consultation with or authorization by the president. From contracting with other agencies and entities to entering into inter-agency agreements on behalf of EOP components that are agencies, OA has functioned since its inception as an agency.

The Court's conclusions also cannot be reconciled with the assessment of President Carter's administration, immediately following the OA's creation, that by virtue of its functions OA is an agency subject to the FOIA. That assessment, memorialized in a June 28, 1978 White House memorandum, provides as follow: "OA performs functions for other offices within the EOP and there are no identifiable units within the OA which function solely to serve the President. Accordingly, it is reasonable to conclude that the Office of Administration is an 'agency' subject to the Act [the FOIA]." Memorandum for Margaret McKenna from Patrick Apodaca re: Applicability of the FOIA to White House Documents, June 28, 1978, p. 2

10

(attached as Exhibit 1 to Plaintiff's Opposition to Defendant's Motion to Dismiss).[2] OA has not identified any way in which its functions have changed significantly since its creation, making this assessment equally applicable here.

The Court also failed to give sufficient weight to OA's interaction with and responsibility for EOP components that are agencies subject to the FOIA. OA provides administrative support to the entirety of the EOP, *with the exception of the President*,[3] which includes agencies such as the Council on Environmental Quality, the Office of Management and Budget and the Office of the U.S. Trade Representative. Not only do these responsibilities illustrate the degree to which OA acts independently of the president, but they prove the error of the Court's conclusion that OA exists "solely to assist and advise the President . . ." Mem. Op. at 30.

In addition, the Court failed to draw the proper legal conclusion from its acknowledgment that "[t]he record in this case simply does not demonstrate that a comparable 'intimate organizational and operating relationship' exists between the OA Director and the President," Mem. Op at 32. The degree to which OA is operationally proximate to the president is, CREW submits, the most critical factor in the agency analysis because "[t]he closer an entity is to the President, the more it is like the White House staff, which solely advises and assists the President, and the less it is like an agency to which substantial independent authority has been delegated." Armstrong, 90 F.3d at 558. Congress was careful to exclude from the reach of the FOIA only the president and his immediate staff. See H.R. Conf. Rep. No. 93-1380, 93d Cong.,

---

[2] It is CREW's understanding that Margaret McKenna held the position of Deputy White House Counsel while Patrick Apodaca was Associate Counsel to President Carter.

[3] See Executive Oder No. 12028, § 3(a), 42 Fed. Reg. 62895 (Dec. 12, 1977).

11

2d Sess. 14 (1974); S. Conf. Rep. No. 1200, 93d Cong., 2d Sess. 15 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6293. The Court's conclusion that an entity like OA that is not operationally proximate to the President and accordingly does not function like his immediate staff cannot be reconciled with the language and intent of the FOIA.

Moreover, as this Court recognized, OA functions in a manner unlike any other EOP component that the D.C. Circuit has found to be excluded from the reach of the FOIA. OA provides administrative support for the EOP, much like the functions performed by the General Services Administration and a host of support offices within every agency of the federal government, from the Justice Management Division at the U.S. Department of Justice to the Departmental Administration at the U.S. Department of Agriculture to the Office of the Assistant Secretary for Administration and Management at the U.S. Department of Labor -- all of which are subject to the FOIA.

This case presents for the first time the question of which side of the agency line OA falls. It is a serious question in a high-stakes case of high public interest. CREW respectfully submits that the Court answered this question incorrectly but, at a minimum, the Court properly acknowledged the lack of direct precedent for its conclusion and the degree to which OA differs from any other EOP component found to be an agency.[4] Accordingly, a stay is warranted to protect CREW's ability to obtain full relief.[5]

---

[4] OA's counsel has also indicated to CREW that OA opposes this motion because it believes the issue on appeal is not a close one. The language of this Court's opinion, that the question presented here "is a close one" "not easily resolved by reference to the limited body of D.C. Circuit case law," Mem. Op. at p. 2, expressly contradicts OA's position.

[5] That this Court has jurisdiction to enter a stay, notwithstanding its conclusion that CREW's complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil

12

## CONCLUSION

For the foregoing reasons, the Court should grant the requested stay and require the OA to retain all records potentially responsive to CREW's FOIA requests pending the outcome of CREW's appeal.

Respectfully submitted,

/s/
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
   in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Telephone: 202-408-5565
Fax: 202-588-5020

June 20, 2008                                    Attorneys for plaintiff

---

Procedure, is clear.  Under the All Writs Act, 28 U.S.C. § 1651, this Court may issue "all writs necessary or appropriate in aid of" jurisdiction.  Here, a stay of the Court's Order pending appeal "is necessary . . . to protect the orderly continuation of proceedings . . . in the appellate court," Rose v. Giamatti, 721 F.Supp. 924, 928 (S.D. Oh., E. Div. 1989); absent a stay, this controversy may be rendered moot as a practical matter once the requested records are transferred to the Archivist at the end of this administration.

13

# EXHIBIT 2

From: DCD_ECFNotice@dcd.uscourts.gov
Sent: Friday, June 20, 2008 3:08 PM
To: DCD_ECFNotice@dcd.uscourts.gov
Subject: Activity in Case 1:07-cv-00964-CKK CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON v. OFFICE OF ADMINISTRATION Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 6/20/2008 at 3:07 PM and filed on 6/20/2008

**Case Name:** CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON v. OFFICE OF ADMINISTRATION
**Case Number:** 1:07-cv-964
**Filer:**
**Document Number:** No document attached

Docket Text:
**MINUTE ORDER (paperless). In light of the pressing nature of CREW's [56] Motion to Stay Pending Appeal, the Court has set an expedited briefing schedule for the motion. Accordingly, Defendant OA shall file any Opposition to CREW's Motion by 5:00 p.m. on Thursday, June 26, 2008, and CREW shall file its Reply in support of its Motion by 5:00 p.m. on Tuesday, July 1, 2008. Further, in order to maintain the status quo pending the Court's resolution of CREW's Motion to Stay, OA is hereby ORDERED to retain all documents that were the subject of CREW's FOIA action until the Court has resolved CREW's Motion. Signed by Judge Colleen Kollar-Kotelly on June 20, 2008. (lcckk2)**

**1:07-cv-964 Notice has been electronically mailed to:**

Paul J. Orfanedes porfanedes@judicialwatch.org

Anne L. Weismann aweismann@citizensforethics.org, msloan@citizensforethics.org

John Russell Tyler john.tyler@usdoj.gov

Jean Lin jean.lin@usdoj.gov

W. Clifton Holmes holmes@graysonlaw.net

**1:07-cv-964 Notice will be delivered by other means to::**