IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE OFFICE OF THE ) <br> PRESIDENT, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 07-1577 (HKK/JMF) <br><br> (Consolidated with <br> Civil Action No. 07-1707 (HKK/JMF)) |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

On June 17, 2008, Defendants filed a Notice of Supplemental Authority [78] transmitting a recent opinion by Judge Kollar-Kotelly in *Citizens for Ethics & Responsibility in Washington v. Office of Administration*, Mem. Op., Civil Action No. 07-964 (D.D.C. June 16, 2008) [Docket # 56]. That decision, described herein as the CREW case, held that the Office of Administration ("OA") is not an "agency" subject to the Freedom of Information Act.

Judge Kollar-Kotelly's ruling, which has been appealed, provides no basis upon which the Defendants' motion to dismiss should be granted. The issues in the CREW case are significantly different from the issues in this case, and the status of the OA under the Freedom of Information Act does not affect the issues raised in the Defendants' motion to dismiss.

**1.   The Office of Administration is Not the Only Agency Involved in this Case**

Unlike the CREW case, this case features a different, and much broader cast of players: in addition to OA, this action includes a number of other agencies within the Executive Office of the President (EOP) that clearly are subject to the Federal Records Act, including the Council on Environmental Quality, the Office of Science and Technology Policy, the Office of Management and Budget, the United States Trade Representative, and the Office of National Drug Control

Policy. This action also challenges the actions of the National Archivist, and the National Archives and Records Administration ("NARA"). Complaint ¶¶ 7-11. This Court has already recognized the numerous defendants in this action and has ordered *all* Defendants not to destroy any email data pending resolution of this case. Preservation Order [18].

2. **The Statutory Frameworks Are Different**

The CREW case was brought under the Freedom of Information Act, and sought the production of documents, in particular those "relating to the White House's alleged loss of EOP e-mail records." Mem. Op. at 1. This case, by contrast, is brought under the Federal Records Act ("FRA") and seeks to preserve and ultimately affect the recovery of the emails which have been deleted from the Executive Office of the President ("EOP") network, and which are at risk of ultimate obliteration. *See* Complaint ¶ 32. In other words, the Complaint in this case seeks to compel the Defendants to comply with the FRA's statutory mechanism for the retrieval of the email records. It also seeks to compel the Defendants to preserve emails from multiple EOP components, to initiate the FRA's statutory mechanism for retrieval of Federal Records, and to comply with their statutory obligations to implement recordkeeping guidelines that comply with the FRA. Judge Kollar-Kotelly's opinion does not address these issues.

3. **The Status of the Office of Administration Under the Freedom of Information Act Is Immaterial in this Case**

The CREW case dealt with documents that had been created by OA and were being maintained by OA. As such, they were clearly OA records. This action addresses documents that were created by other entities which are subject to the Federal Records Act, but

which are simply being maintained by the OA. As such, these records remain subject to both the Federal Records Act and the Freedom of Information Act.[1]

With respect to documents created by other agencies, the OA serves only a ministerial function, and OA has also made clear that it is the entity that interacts with NARA *on behalf of* other EOP components:

> OA interacts with the National Archives and Records Administration concerning OA's record preservation/management functions relating to OA itself and relating to other EOP components. Those interactions are in connection with duties imposed by the Federal Records Act and the Presidential Records Act regarding the preservation and accession of federal records or the transfer of presidential records at the end of each administration.

OA's Motion to Dismiss in *CREW v. OA* [07-964 Docket # 47] at 20); *see also* Mem. Op. at 11 (acknowledging same). OA has also stated that it will report any missing emails to NARA, *see* February 26, 2008 Prepared Testimony of Theresa Payton to House Government Oversight and Reform Committee [69-2] at 4 (euphemistically referring to missing emails as "any anomalies that cannot be resolved"), and that it will work with NARA to initiate a recovery when necessary. *See id.* ("If there are any anomalies that cannot be resolved, we will work with NARA to discuss the details of a recovery effort . . . ."). OA can thus be compelled to comply with the FRA's retrieval requirements as a custodian of Federal Records and as the agent designated by the other agencies within the EOP to administer their compliance with the FRA.

Accordingly, the mere fact that OA assists in maintaining Federal Records cannot alter

---

[1] *See also* First Payton Decl. [48-2] (Jan. 15, 2008) ¶ 4 (OA "provides coordination of compliance programs for Federal Records" and "is also charged with protecting and safeguarding the complex, sensitive but unclassified EOP network"); *id.* ¶ 6 (OA maintains backup tapes for EOP network); Second Payton Decl. [64-2] (Mar. 21, 2008) (OA provides federal records management); Third Payton Decl. [69-2] (May 5, 2008) ¶ 3 (OA "provides both Federal and Presidential components [of EOP] with services such as . . . email, disaster recovery services, support for continuity of Operations (COOP) . . . Federal Records Management, and technology assistance" and "manages the email accounts for the sensitive but unclassified network at the EOP for over 3000 customers.").

the status of those records as Federal Records. Materials such as emails "qualify as records [subject to FRA] if they are 'made or received by an agency . . . in connection with the transaction of public business' and are 'preserved or appropriate for preservation by that agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them.'" *Citizens for Responsibility & Ethics in Washington v. Department of Homeland Security*, 527 F.Supp. 2d 101, 108 (D.D.C. 2007) (Lamberth, J.) (quoting 44 U.S.C. § 3301). Even if an agency purports to give legal custody of the Federal Records it creates to a non-FRA entity, those records remain Federal Records.[2] *See Citizens for Ethics & Responsibility in Washington v. Department of Homeland Security*, 527 F. Supp. 2d 76, 88-92 (D.D.C. 2007) (Lamberth, J.) (applying four-factor test for "control" of records for FOIA purposes from *Burka v. Department of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)); *see also* OPEN Government Act of 2007, 110 P.L. 175 (2007) (amending FOIA, 5 U.S.C. § 552(f), to make clear that FOIA reaches agency records "maintained for an agency by an entity under Government contract.").

4.  **The CREW Decision is "A Close One"**

It should also be noted that the CREW case is not final. It is being appealed, and Judge Kollar-Kotelly herself has recognized that the question "is a close one, and is not easily resolved

---

[2] In the FOIA context, the Supreme Court has acknowledged the possibility that agencies could be held responsible for records that are no longer in their "possession or control" where "it was shown that an agency official purposefully routed a document out of agency possession in order to circumvent a FOIA request." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 155 n.9 (1980); *see also National Security Archive v. Archivist of the United States*, 909 F.2d 541, 546 (D.C. Cir. 1990) (*per curiam*) (same). In the Federal Records Act context, the D.C. Circuit has made clear that "[i]f a document qualifies as a record, the FRA prohibits an agency from discarding it by fiat," because "the FRA prescribes the exclusive mechanism for disposal of federal records." *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1278 (D.C. Cir. 1993) (citing exclusivity provision of 44 U.S.C. § 3314). An agency therefore cannot effect a disposal simply by transferring its Federal Records to an entity that is not subject to the FRA. If it did, the Attorney General could initiate a civil action and secure a court order compelling the entity to retrieve and restore the records. This was the result where the Red Lake Chippewa tribe was ordered to restore Federal Records that had been transferred from its tribal court, which was an FRA agency, to its tribal archives, which was not. *See United States v. Red Lake Band of Chippewa Indians*, 827 F.2d 380 (8th Cir. 1987).

by reference to the limited body of D.C. Circuit case law," Mem. Op. at 2. Judge Kollar-Kotelly has ordered OA to preserve relevant records while she considers CREW's motion to stay the case pending appeal. *See* Minute Order (Civil Action No. 07-964, June 20, 2008).

CREW has filed a notice of appeal and will seek expedited briefing before the D.C. Circuit, which OA has said it will not oppose. *See* U.S.C.A. Case No. 08-5188; CREW's Mem. in Support of Motion to Stay at 6 n.1 (Civil Action No. 07-964, June 20, 2008) [Docket # 56-2]; Defendants' Opposition to Plaintiff's Motion for Stay at 1 n.1 (Civil Action No. 07-964, June 26, 2008) [Docket # 57]. Accordingly, this "close . . . not easily resolved" question should be resolved by the D.C. Circuit in the near future.

For the foregoing reasons, the supplemental authority noted by Defendants should have no effect on the proceedings before this Court.

                                              Respectfully Submitted,

DATED: June 30, 2008                      /s/ Sheila L. Shadmand

                                          JOHN B. WILLIAMS (D.C. Bar No. 257667)

*Attorneys for Plaintiff The National Security Archive*

SHEILA L. SHADMAND (D.C. Bar No. 465842)
THOMAS A. BEDNAR (D.C. Bar No. 493640)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
202.879.3939

MEREDITH FUCHS (D.C. Bar No. 450325)
THE NATIONAL SECURITY ARCHIVE
The Gelman Library
2130 H Street, N.W., Suite 701
Washington, D.C., 20037
202.994.7059

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of June, 2008, I caused a copy of the foregoing Plaintiff National Security Archive's Response to Notice of Supplemental Authority to be served electronically by the United States District Court for the District of Columbia's Electronic Case Filing ("ECF") and that this document is available on the ECF system.

/s/   Sheila L. Shadmand
Sheila L. Shadmand