## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE PRESIDENT, et al., ) ) ) Defendants. ) | Civil No. 07-01707 (HHK/JMF) |
| NATIONAL SECURITY ARCHIVE, ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE PRESIDENT, et al., ) ) ) Defendants. ) | Civil No. 07-01577 (HHK)(JMF) |

### PLAINTIFF CREW'S[1] REQUEST FOR AN IMMEDIATE STATUS CONFERENCE

This lawsuit stems from the failure of the White House to preserve and restore millions of missing emails from White House servers and to have in place an effective electronic record keeping system. The unlawful actions of the White House defendants have placed at risk a considerable body of historically important documents that belong to the American public; quite simply we risk losing forever a part of our past.

To minimize this risk of loss, the Court issued a preservation order last November based on its conclusion that absent such relief, CREW would face irreparable harm. Since that time,

---

[1] CREW is the acronym for Citizens for Responsibility and Ethics in Washington.

new information has revealed the degree to which the preservation order falls short, including defendants' own declarations attesting to the critically incomplete nature of the existing backup tapes. Accordingly, the Court is now considering the extent to which it should expand the preservation order to include other sources for the missing email, such as remotely querying workstations and collecting other media from White House employees that may contain the missing emails.

As part of this process, the Court has ordered the defendants to provide certain critical information needed to assess the completeness of the existing body of backup tapes and the likelihood that additional missing documents may be recoverable from other sources. In response, defendants have offered multiple declarations from Office of Administration Chief Information Officer Theresa Payton but, as explained in CREW's Opposition to Defendants' Motion for Reconsideration and Defendants' Local Rule 72.3(b) Objections to the Magistrate Judge's First Report and Recommendation (Document 74), the declarations continue to be seriously incomplete.

Separate and apart from this litigation, according to Theresa Payton's February 26, 2008 testimony before the House Committee on Government Oversight and Reform, the White House has been engaged in a three-phase process to assess and address the missing White House emails. Phases one and two are aimed at confirming the extent to which there are any missing emails, while phase three would involve planning a recovery effort to restore missing emails. See, e.g., Hearing Transcript at pp. 135-136, available at http://oversight.house.gov/story.asp?ID=1763; Testimony of Theresa Payton, February 26, 2008, pp. 3-4 (attached as Exhibit 1) ("Payton Written Testimony"). According to Ms. Payton's

hearing testimony, the Office of Administration expected to have completed its re-inventory and analysis of missing email by this summer. Hearing Transcript at 136.

CREW has now learned that the White House has completed this re-inventory and analysis -- phases one and two of its three-phase process. Thus, the White House now has a more definitive count of the date ranges for which White House emails are missing -- what it euphemistically refers to as "anomalies" -- based on its "re-inventory effort, analysis, and quality assurance." Payton Written Testimony at p. 3. CREW understands that this process confirmed that email is missing for as many as 225 days, yet defendants have not yet shared this information with the Court, despite its obvious relevance to the issue of an expanded preservation order. CREW's counsel has made inquiries of defendants' counsel about the status of this process and the need to inform the Court, to which Ms. Hong has responded only that "the email inventory re-baseline efforts are ongoing,"[2] but has refused to provide any further detail or update the Court with these new facts.

Of equal concern, CREW has also learned that the White House is in the process of finding a contractor to recover the missing emails as called for by phase three. Although this recovery process ostensibly is to ensure the transfer of a complete set of emails at the end of this administration, it is CREW's understanding that the work is not anticipated to be completed until April 2009, months after the presidential transition. CREW also understands that the project calls for using backup tapes that were collected from October 2003 until the present, despite the fact that, at a minimum, critical emails are missing from the Office of the Vice President in the September 20, 2003 to October 6, 2003 time-period, and the Office of Administration has told

---

[2] See email from Helen Hong to Anne Weismann, July 22, 2008 (Exhibit 2).

this Court that it is preserving 438 disaster recovery back-up tapes that were written to between March 1, 2003 and September 30, 2003.  See 3d Payton Decl. ¶¶ 9-11.

These new facts unquestionably bear on both the interim and final relief plaintiffs are seeking in this litigation, yet defendants to date have refused to bring these facts to the Court's attention, despite CREW's request that they do so.  For example, if CREW's understanding about the scope of the recovery project is correct, it raises a serious concern that the EOP is refusing to restore emails that relate to the role of the Vice President and his office in the disclosure of Valerie Plame Wilson's covert CIA identity.  See, e.g., Plaintiff CREW's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Show Cause Why Defendants Should Not be Held in Contempt and For Sanctions (Document 57-2), pp. 12-13.  And there are questions about how the recovery process will be conducted and whether the White House will sufficiently protect the integrity of the backup tapes it will use for that process and that are the subject of the current preservation order.

All of this points to the need for transparency and accountability to the Court as the White House goes forward with phase three, to ensure its efforts are not in conflict with this Court's orders and the White House's obligations under the Federal Records Act -- obligations CREW seeks to enforce through this lawsuit.  Under comparable circumstances, U.S. District Court Judge Royce C. Lamberth insisted on transparency and accountability to him in Alexander v. FBI, Civil Nos. 96-2123/97-1288 (RCL), when it was discovered that there was a problem with the White House's storage and archiving of external emails sent to certain White House accounts.  See generally Memorandum Opinion, April 3, 2008 (attached as Exhibit 3).  This Court should demand no less.

Accordingly, CREW seeks a hearing to address more fully the status of this case and further appropriate proceedings in light of these recent developments. This is the most appropriate and effective way to get all of the necessary facts before the Court, particularly given the defendants' penchant for providing less than full responses, as documented in Magistrate Judge Facciola's First Report and Recommendation. Moreover, there is an urgent need for such a hearing, given the fast approaching end of this administration and the White House's ongoing efforts to locate a contractor to complete phase three. For all these reasons, CREW respectfully requests that the Court schedule a status conference as soon as possible.

Pursuant to LCvR 7(m), the undersigned counsel contacted Helen Hong, counsel for defendants, on July 24, 2008, who advised CREW's counsel that defendants oppose this request.

                    Respectfully submitted,

                    ____/s/_____
                    Anne L. Weismann
                    (D.C. Bar No. 298190)
                    Melanie Sloan
                    (D.C. Bar No. 434584)
                    Citizens for Responsibility and Ethics
                       in Washington
                    1400 Eye Street, N.W., Suite 450
                    Washington, D.C. 20530
                    Phone: (202) 408-5565
                    Fax: (202) 588-5020

                    Attorneys for Plaintiff CREW

Dated: July 24, 2008