# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., ) ) ) ) | |
| Defendants. ) ) | |
| NATIONAL SECURITY ARCHIVE, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., ) ) ) ) | |
| Defendants. ) ) | |

## DEFENDANTS' RESPONSE TO CREW'S REQUEST
## FOR AN IMMEDIATE STATUS CONFERENCE

CREW's request for an immediate status conference is nothing more than a thinly-disguised attempt to conduct premature merits-related discovery. This Court should reject CREW's latest attempt to seek information about email inventory re-baseline efforts for the same reasons that the Magistrate Judge has already rejected plaintiffs' request to conduct depositions to obtain testimony about, among other topics, "the completion date of an assessment and audit of the White House emails." See, e.g., Mem. Or. & First Report & Recommendation [67] at 9 (Magistrate Judge Facciola concluding that he "cannot recommend the taking of the depositions

sought" for testimony relating to "a 2005 analysis of the missing emails" and the "completion date of an assessment and audit of the White House emails"); see also Or. [83] at 1 (denying expedited discovery requests of NSA and CREW). The status hearing CREW seeks on the email inventory re-baseline efforts would not provide further information "to assess the completeness of the *existing body of backup tapes*," as CREW contends. Nor would it provide any information concerning potential e-mail retrieval from the "*other sources*" about which the Magistrate Judge has inquired -- i.e., hard drives, slack space on hard drives, and portable storage media. CREW's Request for an Immediate Status Conf. [81] at 2 ("CREW's Request") (emphases added). Rather, CREW's request is an improper attempt to gather *merits*-related information about *the .pst file stores* and is an effort thereby to subvert the orderly litigation process. This court's jurisprudence rejects such attempts by a plaintiff to control the litigation and to obtain premature discovery upon demand. See, e.g., In re Fannie Mae Derivative Lit., 227 F.R.D. 142, 143 (D.D.C. 2005) (rejecting expedited discovery requests that "appear to be a thinly veiled attempt to circumvent the normal litigation process"); see also Mem. Op. [84] at 8 (rejecting discovery requests because "[t]here remains no persuasive reason to stray from the ordinary course by expediting discovery"). This is particularly so where a dispositive motion to dismiss remains pending, as is the case here. See, e.g., Klingschmitt v. Winter, Civ. No. 06-1832, Slip. Or. (D.D.C. Feb. 28, 2007) (HHK) (granting motion for protective order to stay discovery during pendency of motion to dismiss); see also Mem. Op. [84] at n.2, 7 (attaching some importance to the pendency of a motion to dismiss, and acknowledging that the motion "is not without merit").

The concerns compelling denial of premature merits discovery are heightened here because plaintiffs' claims arise under the APA and therefore generally are limited to record review. For this reason, courts generally refuse to permit discovery to proceed in actions brought under the APA.[1] See Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998) (the APA "limits review to the administrative record, except where there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review") (internal quotation and citations omitted); see also Trudeau v. FTC, 384 F. Supp. 2d 281, 293-94 (D.D.C. 2005), aff'd, 456 F.3d 178 (D.C. Cir. 2006). Accordingly, it would serve no purpose to permit CREW to seek discovery of additional extra-record materials now through a status conference.

Putting aside that CREW's request is merely an attempt to engage in a form of premature discovery already rejected by this Court, CREW's entire request is premised on an unwarranted and wholly unsupported fear that defendants will not "sufficiently protect the integrity of backup tapes . . . that are the subject of the current preservation order." CREW's Request at 4. In addition, CREW's request displays a fundamental misunderstanding of the "interim and final relief" to which plaintiffs could be entitled under the Federal Records Act ("FRA"). CREW's Request at 4. Neither CREW's unfounded conjecture nor its misunderstanding of the law can justify an order for a status conference that would upturn the orderly litigation process.

---

[1] Moreover, that CREW's demands for unnecessary and premature discovery impact the Executive Branch counsels significant hesitation. See, e.g., Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 385 (2004) ("The high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery.") (quoting Clinton v. Jones, 520 U.S. 681, 707 (1997)).

First and foremost, defendants have been complying in full – and will continue to comply – with the Court's November 12, 2007 Order [18] and the April 24, 2008 clarification of that Order. See Or. [68] of Apr. 24, 2008. Indeed, as they evidenced by seeking clarification of the November 12, 2007 Order, see Consent Mot. to Clarify [66], defendants have proceeded with an abundance of caution to ensure full and complete compliance with the terms of the Court's injunctive order. CREW's allegation, therefore, that defendants may not "sufficiently protect the integrity of the backup tapes" is not only unsupported, but undercut by defendants' course of conduct to date.[2] CREW's Request at 4. If circumstances arise that merit the Court's attention in relation to the November 12 and April 24 orders, defendants assuredly will raise any concerns with plaintiffs and the Court. But there is simply no basis for the claim that defendants will ignore, evade, or otherwise run afoul of the November 12 and April 24 orders, or that the integrity of a growing number of disaster recovery back-up tapes is at risk.

Second, CREW fundamentally misapprehends the scope of "interim and final relief" to which it could be entitled for its FRA claims. Even if it were appropriate for CREW to seek "final" relief now – when a motion to dismiss is pending and defendants have not yet answered the complaints – CREW would not be entitled to inject itself into any e-mail restoration process at the conclusion of the litigation. Under the FRA, should CREW demonstrate circumstances warranting relief, it is entitled *at most* to an order requiring defendants to initiate action through the Attorney General to recover any missing records. See, e.g., 44 U.S.C. § 3106. As

---

[2] Of course, this evidence of good faith only supports the presumption of good faith that parties will follow court orders. Cf. Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1239 (Fed. Cir. 2002) ("The presumption that government officials act in good faith is nothing new to our jurisprudence."); Citizens to Preserve Overton Park, 401 U.S. 402, 415 (1971) (presumption of regularity for agency action).

defendants explained in their motion to dismiss [39] and in subsequent briefing, see, e.g., Defs.' Obj. to First Report & Recommendation [72] at 6-7, the administrative scheme set forth in the FRA is exclusive; a court cannot itself order the recovery or retrieval of records that may have been removed or destroyed, but must instead rely on the detailed processes set forth in the FRA and initiated by the agency heads, the Archivist, and the Attorney General.  See Armstrong v. EOP, 924 F.2d 282, 294 (D.C. Cir. 1991).  Relief under the FRA would therefore merely trigger an obligation for defendants to initiate action through the Attorney General, see Armstrong, 924 F.2d at 296, who would, in turn, determine what recovery plan was appropriate under the circumstances.  44 U.S.C. § 3106.  Whether the Attorney General pursues – and how or from what media he seeks to restore – any missing records is unreviewable as a matter committed to his sole discretion.  See Heckler v. Chaney, 470 U.S. 821, 833 (1985); 5 U.S.C. § 701(a)(2).  CREW's effort to inject itself into any process to recover FRA records in the future is therefore not only premature, but impermissible according to the FRA itself.

For that same reason, CREW's attempt to liken its current request to orders granting court oversight of discovery in Alexander v. FBI, Civ. Nos. 96-2123, 97-1288 (RCL) must fail.  The FRA precludes CREW from involvement in any "recovery process," and CREW may not obtain preliminarily what it would never be entitled to obtain as final relief.  And, as the first page of the memorandum opinion appended by CREW as an exhibit to its request makes clear, the court's orders in Alexander arose "in the midst of a discovery dispute between the parties about the extent to which . . . EOP . . . should be required to perform electronic searches of White House emails."  See CREW's Request, Ex. 3 (Mem. Op. at 1).  Even if extensive judicial

oversight of discovery were proper in Alexander, discovery has not commenced in this action, and is inappropriate under the APA. See discussion supra at 3 & n.1.

      Finally, it bears noting that CREW's request is predicated on erroneous assumptions. CREW provides no declaration or affidavit in support of its factual claims and continues to rely on putative harm resulting from loss of Office of the Vice President ("OVP") records to seek relief. See, e.g., CREW's Request at 3 (claiming that "critical emails are missing from the Office of the Vice President in the September 20, 2003 to October 6, 2003 time-period) and 4 ("For example, if CREW's understanding about the scope of the recovery project is correct, it raises a serious concern that the EOP is refusing to restore emails that relate to the role of the Vice President and his office[.]"). The OVP is not a defendant in this action, and OVP records are neither governed by the FRA nor the subject of plaintiffs' claims in this FRA matter. Defendants have repeatedly reminded plaintiff of the impropriety of relying on OVP claims in this action; CREW apparently insists on relying on immaterial claims to manufacture support for the relief it requests. The FRA expressly precludes CREW's purported reliance on claims about allegedly missing OVP records and CREW's latest request for a status hearing should be denied.

//


//


//

## CONCLUSION

For the reasons set forth above, defendants request that the Court deny CREW's request for an immediate status hearing.

Respectfully submitted this 30th day of July, 2008.

        GREGORY G. KATSAS
        Assistant Attorney General

        JEFFREY A. TAYLOR
        United States Attorney

        ELIZABETH J. SHAPIRO
        Assistant Branch Director

        /s/ Helen H. Hong
        HELEN H. HONG (CA SBN 235635)
        TAMRA T. MOORE (DC 488392)
        Trial Attorneys
        U.S. Department of Justice, Civil Division
        P.O. Box 883, 20 Massachusetts Ave., NW
        Washington, D.C.  20044
        Telephone: (202) 514-5838
        Fax: (202) 616-8460
        helen.hong@usdoj.gov

        Counsel for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2008, a true and correct copy of the foregoing Defendants' Response to CREW's Request for an Immediate Status Conference was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                                  /s/ Helen H. Hong
                                                  HELEN H. HONG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No: 1:07-cv-01707 (HHK/JMF)<br>) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | )<br>)<br>) |
| Defendants. | )<br>) |
| NATIONAL SECURITY ARCHIVE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No: 1:07-cv-01577 (HHK/JMF)<br>) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

### [PROPOSED] ORDER DENYING CREW'S REQUEST FOR AN IMMEDIATE STATUS CONFERENCE

Upon consideration of the papers filed by all the parties, it is hereby

ORDERED that CREW's Request for an Immediate Status Conference [81] be, and hereby is, DENIED.

Dated this ____ day of _____, 2008.

_____
HONORABLE HENRY H. KENNEDY
United States District Court Judge