# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:07-cv-01707 (HHK/JMF) |
| | ) | |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| NATIONAL SECURITY ARCHIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:07-cv-01577 (HHK/JMF) |
| | ) | |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' LOCAL CIVIL RULE 72.2(b) OBJECTIONS

On January 15, 2009, the Magistrate Judge issued nine orders [104] following a status hearing on January 14, 2009 pursuant to plaintiff CREW's Emergency Motion for a Status Conference [98], referred to the Magistrate Judge for his determination pursuant to LCvR 72.2(a).  See Order [100].  Because certain aspects of the Magistrate Judge's order are clearly erroneous or contrary to law, defendants hereby submit their Local Civil Rule 72.2(b) Objections.

First, the Magistrate Judge ordered that "defendants shall forthwith comply with the Order issued herein by Judge Kennedy on January 14, 2009 and that the search required therein be conducted of all ***agencies and subdivisions within the Executive Office of the President***, irrespective of whether defendants contend any agency or subdivision is subject to the Presidential Records Act."  Order [104] at 1 (emphasis added).  Defendants object to all aspects of the Order to the extent it imposes obligations on any non-party Executive Office of the President components governed by the Presidential Records Act.  We wish to make absolutely clear, however, that all non-party EOP PRA components are currently complying fully with the terms of the Orders [102], [104] issued by the Court, as set forth in the Notice of Compliance and below.

Plaintiffs brought suit under the Federal Records Act and named as defendants only "the agency known as EOP, as well as its individual agency components that are subject to the Federal Records Act, . . . includ[ing] but not limited to:  The Office of Administration, The Council on Environmental Quality, The Office of Science and Technology Policy, and The Office of the United States Trade Representative," NSA Compl. ¶ 7; CREW Compl. ¶ 9.  As this Court explained in its Memorandum Opinion [90], "the fact that the EOP is a defendant '***will not affect components of the EOP that are not governed by the FRA***.'"  Mem. Op. [90] at 22. Thus, this Court assured that "[d]efendants' concern that naming EOP as defendants 'sweep[s] in' components not subject to the FRA is . . . unfounded[.]"  Id.  Because the Magistrate Judge's Order runs afoul of that assurance, and imposes obligations on non-party EOP PRA components outside of his jurisdiction, the Order is clearly erroneous and contrary to law and must be reversed.

Moreover, with respect to the implementation and enforcement of the Federal Records Act ("FRA") and the Presidential Records Act ("PRA"), there is no distinct entity known as the "Executive Office of the President."  Rather, these two laws apply individually to separate and distinct components within the EOP.  Thus, the EOP PRA components include the White House Office, Office of the Vice President, National Security Council, President's Foreign Intelligence Advisory Board, Council of Economic Advisors, and the Office of Administration.  None of them, except the Office of the Administration, is a named defendant in this action.  Accordingly, notwithstanding plaintiffs having named the "EOP" as a defendant, the only proper current defendants from the Executive Office of the President are the five EOP FRA components, and the Office of Administration as a separately named defendant.  The Magistrate Judge cannot here subject the non-party EOP PRA components to any court orders or bring them within his jurisdiction.  Cf. CREW v. Office of Administration, Civ. No. 07-964, Mem. Op. [67] at 8-9 (Jan. 15, 2009) ("[G]iven that neither NARA nor the Archivist is a party to this litigation," they "cannot properly be the subject of a court order.") (quoting CREW Mot. at 5-6, 9); id. ("Given NARA's non-party status, the Court is without the authority to order NARA *not* to begin that process as to the documents at issue in this case[.]") (emphasis in original) (attached as Ex. 1).

The bounds of the Court's jurisdiction are restricted, too, by the limitations on review of the recordkeeping practices of components governed by the PRA.  The PRA accords the components governed by the PRA "virtually complete control" over their records, and "neither the Archivist, nor the Congress has the authority to veto" the EOP PRA component's disposal decisions, nor may the courts.  Armstrong v. Bush, 924 F.2d 282, 290 (D.C. Cir. 1991).  The Magistrate Judge's Order, however, would require the PRA components to "collect and transfer"

their emails "to a secure and accessible portable medium, such as a flash drive, a portable hard drive or a DVD" and provide them to the Archivist.   Under this Circuit's law, the Magistrate Judge may not intrude on the recordkeeping practices of the EOP PRA components.   And although the Magistrate Judge suggested that e-mails "transmitted from PRA to FRA agencies and back" somehow bring the EOP PRA records within the scope of plaintiffs' complaints, this Circuit instructs otherwise.   Mem. Op. [105] at 4.   "The FRA describes a class of materials that are federal records subject to its provisions, and the PRA describes another mutually exclusive set of materials that are subject to a different and less rigorous regime."   Armstrong v. Bush, 90 F.3d 553, 556 (D.C. Cir. 1996).   Including EOP PRA components within the scope of the Order is wholly improper.

Second, defendants object to the requirement that e-mails collected as part of the workstation search from EOP FRA components be transferred to the Archivist.   See Order [104] at 2 ("[A]ll e-mails so collected shall be transferred to a secure and accessible portable medium, such as a flash drive, a portable hard drive, or a DVD and that the Archivist shall receive all such portable media and preserve them separately from all other records received incident to the transition of one administration to another[.]").   Unlike records from the EOP PRA components, the Archivist will not be receiving any records from the EOP FRA components pursuant to the Presidential Records Act and "incident to the transition of one administration to another."   Id. Accordingly, the storage space on the EOP Network, described in defendants' Notice of Compliance, to preserve any collected .pst files and emails should address this Court's concerns and fulfill defendants' obligations.

Third, the Magistrate Judge's fourth paragraph requires that "additional media bearing the results of the restoration of those backup tapes shall remain in their present location under the supervisory custody of the Archivist and shall not be removed therefrom without further order of this Court."   Order [104] at 2.   The "results of the restoration" currently reside on a vendor's server at a secure OA location, which defendants are contractually obligated to return. The server (and its contents) will remain in its current location until further order of this Court, but defendants seek clarification that copying the results of the restoration onto a separate storage device and transferring that storage device to the Archivist for preservation will discharge defendants' responsibilities.

Fourth, defendants object to the Magistrate Judge's requirement that defendants "shall collect all records (to include electronically stored information) that they would have to file as the administrative record in this case and preserve them in their present location subject to the supervisory custody of the Archivist" and that defendants "shall collect any additional records, that may or may not be part of the administrative record, but may be relevant to a claim or defense in this lawsuit, or likely to lead to evidence that is relevant to a claim or defense in this lawsuit and preserve them in their present location subject to the supervisory custody of the Archivist."   Order [104] at 2-3.

As stated above, defendants object to the extent this Order may be read to impose any obligations on non-defendant EOP PRA entities.   Nonetheless, to be clear, the non-defendant EOP PRA components have complied and will continue to comply with the requirements of the Order to the extent any responsive records exist in their physical custody or control, by "preserv[ing] them in their present location."   Order [104] at 3.   Any records remaining in their

present location at EOP PRA component locations cannot, however, be at the same time in the "supervisory custody" of the Archivist as the Magistrate Judge requires.  The Archivist cannot take responsibility for records over which she has no access or possessory rights.  Defendants therefore suggest that the Court clarify that any records remaining within the non-defendant EOP PRA components remain under the supervision of the EOP PRA component.

Any records that already have been transferred to NARA from the non-defendant EOP PRA components are in NARA's physical possession, and will remain preserved and made accessible, in the unlikely event that they are required.  See, e.g., Order [107] (denying plaintiffs' request for expedited discovery).  Because of the transition process, however, NARA cannot review all of the records that have already been transferred from the EOP PRA components to determine whether any are, or would be, relevant to plaintiffs' claims as they are shipped to NARA's facilities in Dallas, Texas.  If any discovery is ordered from any non-defendant EOP PRA component, the presidential records will nonetheless remain accessible.

Moreover, an order issued in CREW v. Office of Administration, Civ. No. 07-964, Mem. Op. [67] (attached as Exhibit 1), requires the Office of Administration to "physically segregate" the 38 boxes responsive to CREW's FOIA requests in connection with that litigation, and "authorize[s] only the Chief Administrative Officer of OA, or his or her designee, to access the records *for the sole purpose of ensuring the records are properly preserved and stored* until the D.C. Circuit issues a ruling and mandate resolving CREW's appeal."  Id. at 15 (emphasis added).  Those records would constitute the significant majority of records that are relevant to plaintiffs' claims, including:

- Any and all copies of the analyses prepared between the fall of October 2005 and the fall of October 2006, that include, among other things, estimates as to how many emails were

missing from the Executive Office of the President's ("EOP") system for preserving email;

- Any and all copies of any and all spreadsheets or similar documents and any accompanying documents prepared between September 2005 and September 2006, outlining the dates of all missing email from the EOP email records system;

- Any and all copies of any documents prepared in 2002 or 2003 discussing the risks associated with the EOP's email records management system, including an assessment of the risk to public perception from disclosure of problems with the email system;

- Any and all requests for proposals prepared by the Office of Administration between 2002 and 2004, to address any aspect of the EOP's email records management;

- Copies of all analyses prepared by the OA and its offices, directorates, branches between January 21, 2001 and April 13, 2007, that identify potential technical, procedural and process problems related to the potential loss of email records of the Executive Office of the President ("EOP") associated with any and all EOP-managed email systems and environments;

- Copies of all documents, databases, spreadsheets and inventories prepared between January 21, 2001 and April 13, 2007, that provide a detailed accounting (daily, weekly and/or monthly) of actual email messages retained or that identify potential missing email messages within the scope of all EOP-managed email records management environments;

- Copies of all system requirements specifications, risk assessments, project implementation documents, project concepts and other documents related to all planned, incomplete or completed implementation of any EOP email records management systems since January 21, 2001; and

- Copies of all statements of work ("SOW"), requests for proposal ("RFP") and requests for quote ("RFQ") issued by the OA or other government offices or agencies on behalf of the OA related to the analysis, design, implementation, and support of EOP email systems implementation and migration and email records management system analysis, implementation, support and services.

See Ex. 2 (April 17, 2007 and April 18, 2007 FOIA requests at issue in litigation).   As a result

of the order in that litigation that remains binding until the D.C. Circuit issues a mandate,

defendants do not have leave to review the records to determine whether any are appropriate for

inclusion in an administrative record or whether all are relevant for the purposes of any

discovery.  Rather, "only the Chief Administrative Officer of OA, or his or her designee," may

"access the records *for the sole purpose of ensuring the records are properly preserved and*

*stored*."   Nonetheless, those records will remain, preserved at the Office of Administration during the pendency of that litigation and this Court's orders.[1]

Moreover, NARA will maintain all hard-copy records[2] transferred from OA at a secure Washington, D.C. facility, available for review, if necessary.[3]   Similarly, the Archivist, through NARA, will maintain and preserve all electronic records and emails transferred from OA.   These assurances confirm that any presidential records relevant to the dispute will be accessible after the transition and if necessary.

Finally, pursuant to Local Civil Rule 72.3 and 28 U.S.C. § 636, the Magistrate Judge lacks jurisdiction to enter the additional injunctive relief in his January 15, 2009 Order [104], rather than issuing a report and recommendation for this Court's review pursuant to Local Civil Rule 72.3.   The Magistrate Judge requires defendants to take specific action and in specific ways.   For that reason, defendants object to the injunctions entered by the Magistrate Judge. Defendants also incorporate and do not waive or concede their objections to the motion to expand the scope of the injunction [58].

//

---

[1]  Because these records remain at the Office of Administration, the Archivist cannot assume "supervisory custody" over those records, as described above.  The Archivist cannot take responsibility for records over which she has no access or possessory rights.

[2]  NARA previously explained that a small subset of records from OA will be preserved in a NARA facility in Texas.

[3]  Moreover, NARA will not process under the public access provisions of the PRA, 44 U.S.C. § 2204, the records described above while subject to court order(s).

Respectfully submitted this 16th day of January, 2009.

GREGORY G. KATSAS
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

JOHN R. TYLER (D.C. Bar. No. 297713)
Assistant Branch Director

/s/ Helen H. Hong_____
HELEN H. HONG (CA SBN 235635)
TAMRA T. MOORE (D.C. Bar No. 488392)
Trial Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 883, 20 Massachusetts Ave., NW
Washington, D.C.  20044
Telephone: (202) 514-5838
Fax: (202) 616-8460
helen.hong@usdoj.gov

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2009, a true and correct copy of the foregoing Defendants' Local Civil Rule 72.2 Objections was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.


   /s/ Helen H. Hong
HELEN H. HONG